ASALINE HEARNE V. C. ERHARD AND OTHERS.

1. Pending an action of trespass to try title, the plaintiff sold his interest in the land to other parties, who thereupon were permitted by the court below to become plaintiffs in the place of the original plaintiff. *Held*, that in this the court erred; the rights of the parties were fixed at the institution of the suit, and no sale, *pendente lite*, by the original plaintiff could entitle his vendees to be made plaintiffs in his stead, or exonerate him from the responsibilities of the suit. (Lee v. Salinas, 15 Texas, 495, cited and approved by the court.) After such a sale, however, if the original plaintiff should recover judgment, it would enure to the benefit of his vendees.

2. Pending an action of trespass to try title, the plaintiff suggested the death of one of the original defendants, and represented that the deceased defendant had devised his whole estate to one J. H., who had also died, leaving one A. H., sole heiress of his whole estate ; wherefore plaintiff prayed, and the court below ordered, that A. H., be made a party defendant. *Held,* that there was error in this ; that she was not a proper party until it should be shown to the court that there was no administration upon the estate of J. H.

3. A judgment of recovery in trespass to try title is void if it do not describe the land with sufficient certainty to identify it. The following description *held* to be insufficient, and the judgment void for uncertainty in consequence, to-wit : " a part of a survey of six leagues granted by the State of Coahuila and Texas to Antonio Manchaca, fronting on the Brazos river, beginning at the upper corner of said six leagues on the Brazos river ; thence back from the river with said upper line, to a point where the back line of the eleven league grant of George Antonio Nixon intersects the said upper line of said six league grant ; thence with the said back line of said Nixon grant, to the lower line of said six leagues ; and thence with the lower line to said Brazos river ; and thence up said river, with the meanders of the same, to the place of beginning," lying etc., in the county of R.

ERROR from Robertson.   Tried below before the Hon. N. H. Davis.

So far as the facts of this case are material to the illustration of the rulings of this court, they are clearly stated in the opinion and indicated in the syllabus.

*H. D. Prendergast,* with *Ballinger, Jack & Mott,* for the plaintiff in error, argued the case in able briefs.

*W. H. Hamman,* for the defendants in error.—In answer to the third error assigned, we say :

That the plaintiff in error, having gone to trial on the merits, and having failed to make this issue in the court below, will not be heard on this point in an appellate court, unless it be necessary to prevent an obvious violation of law and justice.

(Cook v. Hall, M. S. Alexander's Digest, 475; Crosby v. Huston, 1 Texas, 203.) Lord Mansfield, in Rice v. Shate, (5 Burr, 2614,) quoted and approved by Chief Justice Hemphill in Anderson v. Chandler, (18 Texas, 439,) says: "Defendants ought not to be permitted to lie by and put plaintiffs to the delay and expense of a trial, and then set up a plea not founded upon the merits of the case." (And see Bullock v. Hayter, 24 Texas, 9; Rankert v. Clew, 16 Texas, 13.)

That the issue now made does not go to the merits and foundation of the action, certainly as between these parties:

First—Because the alienation of the land in controversy, pending the suit, is legal (Briscoe v. Bronaugh, 1 Texas, 333; Carder v. McDermott, 12 Texas, 546; Lee v. Salinas, 15 Texas, 496; 1 Story's Eq, § 405, 406; 2 Story's Eq., § 908; Story's Eq. Pl., § 156, 351), and the rights of the parties are not varied or affected thereby.

Second—Because the making of new parties did not operate to the injury of the defendants below, the rights of the new parties being subservient to the rights of the original parties to the suit, and any just defense being available against the new parties as well as against the original. (Lee v. Salinas, 15 Texas, 497, and authorities there cited; Dallam, 590.)

Third—So far from its being an error to make the alienees parties, the practice is founded in the most universally received principle of law, that the parties in interest ought to be parties to the action, in order that a complete decree may be rendered; that no injustice may be done; and that a multiplicity of suits may be avoided; which is one of the cardinal principles of our practice. (Dallam, 616; 6 Texas, 446–7; Garrett v. Gaines; Legg v. McNeil, 2 Texas, 428; Story's Eq. Pl., § 72, 76 and the authorities cited.) And the practice is especially correct in the strictest application of the law to the particular case made by the pleadings: The alienation of the property in this case was voluntary

as contradistinguished from an alienation by operation of law: "In the latter, the assignee *must* be made a party; in the former, he *may* or *may not*," is the language of Judge Story in his Equity Pleading, § 342.   To say that he is sustained by the numerous authorities which he cites, would be supererogation in us; but we desire particularly to call the attention of the court to the case of Sedgewick v. Cleaveland (7 Paige, 290), quoted by Judge Story, in which this doctrine is elaborated; and to the numerous authorities already cited on kindred subjects.    This eminent author, in his Eq. Jurisprudence (§ 908, note 5,) says :    "In some of the authorities the doctrine seems to be countenanced, that a purchaser, *pendente lite, should be made* a party," but the law he thinks as above stated, that he may, or may not be.

Fourth—Certainly, as intervenors, had they seen proper to place themselves in this position, the defendants in error could have had their rights as against the plaintiff in error, adjudicated; and substantially, and for all practical purposes, they occupied this position in the case.

Nearly everything we have said in answer to the third error assigned, applies equally to the second; and for this reason, we discuss them in the order we have elected rather than in the order of their assignment.

In this court it is conclusive against the plaintiff in error, that she did not make the issue now raised by the second error assigned in the court below.   (See authorities before cited.)    And having had an opportunity to defend her rights, and having done so on the merits, she cannot be heard now upon an objection which, if it could possibly have been available, could only be made so by some third parties whose interests were affected.    And if the rights of third parties are in any manner prejudiced by the proceeding complained of, it devolves upon them to contest it for themselves. Their right to prosecute a writ of error is not affected.    (Hendrick v. Cameron, 5 T., 248 ; Cheatham v. Riddle, 8 T., 166 ;

Burleson v. Henderson, 4 T., 53; Wood v. Smith, 11 T., 368.) But the plaintiff in error was an alienee of the land in controversy by operation of law, *pendente lite*, and as such "must be made a party." (See the authorities before cited.)

But again, the pleadings show that the plaintiff in error was in possession of the land, and as a mere trespasser upon it, whether in privity with the original defendants or not, was, we say, properly made a party defendant. Such was the practice in Howard v. Colquhoun (28 T., 133.) The statement of facts, (page 135, and on page 146,) when the judge in delivering the opinion of the court says that Howard was "simply an intruder," show this.

In answer to the error assigned it is enough to quote the language of Adams on Ejectment, by Waterman, page 27, (23, 24):

"Until within the last century it was considered an established principle that the description must be so certain as to enable the sheriff exactly to know, without any information from the lessor of the plaintiff, of what to deliver possession. Amongst other salutary regulations, however, which the wisdom of modern times has introduced into this action, the abolition of this maxim may be reckoned; and it is now the practice for the sheriff to deliver possession of the premises recovered, according to the directions of the claimant who therein acts, at his own peril."

For examples of description which are held good, see author just quoted and the cases cited by him, from page 23 to page 30.

And without consuming further time we will only ask an application to this case of the maxim that that is certain which can be made so, and we are satisfied to submit the case on this point.

*Sherwood & Flournoy*, also for defendants in error.—In respect to the foregoing authorities we respectfully submit the following, to-wit:

As to the third assignment of error: All persons whose inter-

ests are affected by a suit may voluntarily make themselves parties. (Garrett v. Gains, 6 Tex., 435; Horton v. Wheeler, 17 Tex., 52.)

A non-joinder or mis-joinder of parties can only be taken advantage of by plea of abatement. (Joseph Sanderson, *et al.*, v. W. A. Chandler, 18 Tex., 436.)

As to making Asaline Hearne a defendant, who was sole devisee, etc., of Samuel Hearne, deceased, she can be made a party as if she was primarily interested. (15 Wendell, 318; 1 Johnson's cases, 465; Story's Equity Pleadings, §§ 4–7.)

The mere non-joinder or dismissal of any party who might be a proper party, but whose absence does not prejudice the parties before the court, constitute no objection in this court.

In every case where parties need not be joined, they may be dismissed. (Austin & Clapp v. Jordan, 13 Peters's, 1 to 14.)

All the parties plaintiffs, who had any interest in the suit, so far as appears from the record, were represented; and no judgment is taken against any party except those who are interested and were parties in the suit.

The description of the land in the decree is sufficiently certain to designate the land, as will be seen by reference to certified plat from the General Land Office of the State, hereto annexed; and the plaintiffs in error are not the parties to complain of the nullity of the judgment of the court below in this particular.

WALKER, J.—This suit was brought by Cundiff in the District Court of Robertson county, December 18, 1857. Numerous parties were made defendants, and the case wore along until about the year 1869, before a final judgment was entered. Several changes had taken place in the parties, which it is unnecessary to notice.

The plaintiff in error appears to be the heir at law of Jones Hearne, deceased, who was the sole devisee of S. R. Hearne, de-

ceased. Pending the suit Wm. H. Cundiff appears to have sold his interest in the lands which were the subject of the action to the defendants in error; and on motion to the court, or petition, they were permitted to be made parties plaintiff instead of Cundiff. In this the court erred. The rights of the parties were fixed at the commencement of the action; and no sale by the plaintiff, *pendente lite*, could entitle his vendees of right to be made parties plaintiff; nor could it exonerate him from the responsibilities of his suit. In Lee v. Salinas, 15 Texas R., 497, the court say : " The title at the time of the demise laid, or the commencement of the action, is the question to be tried."

" *Pendente lite nihil innovetur*." If Cundiff had a title at the commencement of his action, on which he should have recovered, and had prosecuted it to a recovery, the judgment would have enured to the benefit of his vendees. The sound reason and necessity of this rule is so apparent that at least every intelligent member of the profession must at once see it. Were it not so, a responsible plaintiff could bring his suit, and after years of litigation and large bills of cost had been incurred, seeing that his action would determine adversely, he has only to sell out to an irresponsible person, who may be made plaintiff, and no recovery of costs can be had to compensate the defendant for his heavy outlays, or pay the officers of court their costs in the course of litigation.

But it was error in the court below, without a proper showing, to permit the plaintiff in error to be made defendant. The legal representatives of Jones Hearne, deceased, were the persons to be made parties. · In certain cases the heir is the proper party, as by the common law of England, where the lands of a decedent must descend to the heir, free of any ancestral encumbrance; but, by our ·law of descents, lands and personalty are treated pretty much in the same manner, and until the court was satisfied that there was no administration on the estate of Jones Hearne, Asaline Hearne was not a proper party.

. The judgment in this case is void for uncertainty.    There is no such description of the land as would ever enable the sheriff to put a party in possession of that particular part of the six league grant, which the judgment is intended to pass title to.    The judgment of the district court is reversed, and the cause dismissed.  The plaintiff in error is to recover her costs in this, and in the district court, against Wm. H. Cundiff, the only plaintiff below whom this court can recognize.

Reversed and dismissed.