## No. 2254.

### ANTONIA FLORES DE EVERETT *v*. TEXAS MEXICAN RAILWAY COMPANY ET AL.

TRUSTS AND TRUSTEES.—A trustee appointed under decree to sell land, who conveys the title for the nominal consideration of one dollar, violates the trust, and the deed executed by him amounts only to a deed of gift. The donee in such case becomes a trustee for the beneficiaries in the trust, and this, whether the donee had notice of the trust or not, since he had not paid value for the land.

APPEAL from Duval. Tried below before the Hon. John C. Russell.

*Bryant & Coyner*, for appellant.

*McCampbell & Givens*, for appellee.

WILLIE, CHIEF JUSTICE. This case is similar in most of its features to that of Everett v. Perez, lately decided. The property sued for was part of the same trust estate vested in the defendants Perez and Collins, as trustees, by a decree of the district court of Nueces county. In this case, however, the land in controversy was not purchased by one of the trustees, but was conveyed by them to the appellee for the mere nominal consideration of one dollar. The petition seeks to set aside this conveyance as having been executed in violation of the trust; and to remove the cloud which it casts upon her title, and to recover the land.

The trustees above named were, according to the allegations of the petition, appointed under the said decree for the purpose of selling the lands mentioned in it, including that in contro-

versy; they were not authorized to part with the title for such a consideration, which was merely nominal, and the conveyance amounted to no more than a deed of gift.

The demurrer having admitted these facts, the conclusion necessarily follows that the deed to the railroad company passed no title to it as against the plaintiff.   The trustees could not give away property when their only power was to sell it for a valuable consideration.   Such a gift was a breach of trust, and the donee became a trustee for the original cestuis que trustent under the decree of the district court.   This result would follow whether the company had notice of the trust or not, as it had not paid value for the land.   (Perry on Trusts, sec. 241.)

But they had notice of the trust, as we have held in Everett v. Perez; there can not be the least doubt that the petition set forth a good cause of action, and the general demurrer should have been overruled.

For the error of the court in sustaining the demurrer, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered February 25, 1887.