## GULF, COLORADO AND SANTA FE RAILWAY Co. v. R. L. DUNMAN.

### No. 6204.

1. **Conditions Subsequent Affecting Title.**—A deed was made to the railway company by Dunman for a tract of land for the purpose of buildings, etc., to supply the railway with water, containing the following clause: "The aforesaid land, rights, and privileges are granted to said railway company on the further consideration that said company shall once in every seven days fill with water a certain tank owned by said Dunman, said tank to contain not exceeding 5000 gallons of water. In the event of said company failing to fill said tank (except from unavoidable cause), and in the event of said company failing or ceasing to use said land, rights, and privileges for the aforesaid purposes, then the same shall revert to said owner." The railway company entered into possession and erected buildings, etc., for the purpose contemplated, but failed and refused to furnish Dunman the water as contracted for. Suit was brought claiming the land, rents, and damages. *Held:*

1. The plaintiff could not have his action for both the land and for damages.

2. To take advantage of the non-performance the grantor could enter or sue for the land.

3. That damages can not be recovered for the act before the filing of the suit, there being no re-entry by the grantor.

2. **Same.**—The failure of defendant to comply with the conditions subsequent by failing to supply the water tank gave the plaintiff the right to sue for and recover the land and rents after the filing of suit.

3. **Condemning for Right of Way, etc.**—The Act of Legislature, twenty-first session, p. 18, giving to District Courts jurisdiction over condemnation was enacted pending this suit and it can be taken advantage of by amendment.

APPEAL from Coleman.    Tried below before Hon. J. P. Hutchison.
The opinion states the case.

*Goodwin & Cleveland,* for appellant. — 1.    When land is conveyed to
a railroad by deed with a condition subsequent and the road enters upon
the land and makes permanent and valuable improvements the court will
not permit the grantor to recover the land for breach of the condition,
thereby forcing the road to condemn, but will leave him to his action for
damages.    H. & T. C. Ry. v. McKinney, 55 Texas, 176;  Henderson v.
Beatin, 1 Posey's U. C., 18, and authorities cited; 2 Washb. on Real Prop.,
secs. 6, 7.

2.    Plaintiff had a right to sue to recover the land for the breach of
condition in the deed, or to sue for damages for the breach, but could not
do both.

3.    The breach of a condition subsequent in a deed does not operate
to divest the estate until entry made for the breach, and rents can not
be recovered until the estate has been divested, and then only rents ac-
cruing subsequent to the termination of the estate.    1 Posey's U. C., 18;
4 Kent, secs. 124–128; 2 Washb. on Real Prop., sec. 16.

*Walton, Hill & Walton* and *Ledbetter & Randolph,* for appellee. — 1.
The petition sets up a good cause of action for damages and recovery of
the land, and is good on general demurrer.    Hays v. T. & P. Ry., 62
Texas, 398.

2.    Appellee not having performed the service which was in lieu of
purchase money for the land, appellee was entitled to recover in trespass
to try title and for use and occupation.

HENRY, ASSOCIATE JUSTICE.—R. L. Dunman made to the railway
company a deed for a parcel of land upon which to erect a pump, boiler,
and buildings for the purpose of supplying the engines of the company
with water from an adjacent creek.    The deed contains the following
clause:    "The aforesaid land, rights, and privileges are granted to said
railway company on the further consideration that said company shall
once in every seven days fill with water a certain tank owned by said Dun-
man, said tank to contain not exceeding five thousand gallons of water.
In the event of said company failing to fill said tank (except from un-
avoidable cause), and in the event of said company failing or ceasing to
use said land, rights, and privileges for the aforesaid purposes, then the
same shall revert to the said owner."

This suit was instituted by appellee to recover the land, damages for
failing to supply plaintiff's tank with water, and for the value of the use
of the land and privileges.    Plaintiff's petition charges that the railway

company took.possession of the land and exercised the privileges granted by said deed, but failed and refused to put water into plaintiff's tank.

Defendant excepted to the petition upon the following grounds:

1. Because plaintiff is not entitled to a judgment both rescinding the contract and for damages, but should be compelled to elect which of the two he will insist upon.

2. Because the breach of condition subsequent in the deed did not operate to divest the defendant's title until after entry made, and no rent can be claimed until after such entry.

The court overruled these exceptions.

The defendant pleading in reconvention sought to have the land condemned for the purposes for which it was using it through the exercise of the power of eminent domain.

The court sustained plaintiff's exceptions to so much of defendant's answer as sought such relief.

Upon the question of damages the court charged the jury to consider only the reasonable value of the use and enjoyment of the land and privileges conveyed from the date when defendant began their use up to the time of the trial.

The verdict was for the plaintiff for the land and one hundred and fifty dollars damages, for which judgment was entered.

Appellant assigns as error the overruling of his exceptions to plaintiff's petition.

While the court did not in its ruling on it sustain the exception that plaintiff could not maintain his action both for the land and for damages, it by its charge in effect did so by withdrawing the issue of damages for breach of contract from the consideration of the jury.

The title to an estate, liable to be defeated by the non-performance of a condition subsequent, remains in the grantee until divested by the entry of the grantor.  2 Washb. on Real Prop., 14.

The institution of. this suit was equivalent to such re-entry, but there having been none before we do not think the plaintiff was entitled to recover for the use and occupation of the land before that date.

The court erred in not sustaining defendant's exception to plaintiff's petition in so much as it sought a recovery for the use and occupation of, the premises before suit brought, and in the charge given on the same subject.

The defendant having agreed with plaintiff that it would in consideration of his conveyance to it of the land and privileges in controversy during the time it held them fill his tank with water every seven days, not to exceed five thousand gallons, and to surrender the land and privileges when it ceased to do so, must be held liable in this action for the entire obligation.

The agreement plainly provides that the filling of the tank should be

the compensation paid for the use of the property conveyed so long as the contract remained in force. Upon failure of the defendant to comply with the condition subsequent we know of no reason why plaintiff should not in pursuance of the terms of the contract re-enter into the possession of the land and also recover damages for the failure to fill the tank as agreed up to the date of such re-entry or the institution of this suit.

We think the court correctly sustained the plaintiff's exceptions to defendant's pleadings seeking a condemnation of the property in the exercise of the right of eminent domain. That question is now unimportant, as since the trial of this cause in the District Court the Legislature has passed an act authorizing it to be done. Gen. Laws, 21st Leg., 18.

This cause will be reversed for the errors mentioned, and on a subsequent trial it will be proper for the court on account of such subsequent legislation to change its ruling with regard to condemnation proceedings and to hear defendant on that issue and give it such relief as it may be found entitled to receive under the law and evidence.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Delivered June 7, 1889.