**NUECES COUNTY et al. v. NUECES COUNTY DRAINAGE DIST. NO. 2 et al.**

**(No. 7929.)**

Court of Civil Appeals of Texas. San Antonio. March 28, 1928.

Rehearing Denied April 25, 1928.

1. Counties ⊕⟹195—County held liable to drainage district for district funds deposited in general fund of county and used for benefit of county.

County held liable to drainage district for district funds paid to county treasurer, who was also treasurer of drainage district, which funds were deposited into county depository in the general fund with full knowledge of county and used and retained by county for its benefit and never repaid, and fact that treasurer defaulted to county in a certain amount was no defense.

2. Limitation of actions ⊕⟹11(4)—Limitation held not to run against drainage district seeking recovery from county of drainage taxes used and retained by county.

Statute of limitations held not to run against drainage district seeking to recover from county drainage taxes deposited into general fund of county and used and retained by county for its own benefit.

3. Counties ⊕⟹195—Petition by drainage district against county for recovery of district funds deposited in general fund of county held to state good cause of action.

Petition in action by drainage district against county for recovery of district funds deposited in general fund of county with its knowledge and used and retained by county for its own benefit held to state a good cause of action.

4. Drains ⊕⟹20—Evidence ⊕⟹318(4)—Report of accountant as to county treasurer's shortage to county, in drainage district's suit against county for district funds, held hearsay, immaterial, and irrelevant.

In action by drainage district against county for recovery of district funds deposited by joint county and district treasurer into general fund of county and used and retained by county, evidence of report of public accountant as to county treasurer's shortage to the county, not showing in what fund it occurred, was properly excluded; it being hearsay and immaterial and irrelevant.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by the Nueces County Drainage District No. 2 and others against Nueces County and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

H. R. Sutherland, of Corpus Christi, and Pope, Pope & Pope, of Laredo, for appellants.

R. B. Russell, of San Antonio, and H. J. Passmore, of Robstown, for appellees.

COBBS, J. This case was before this court and reversed and remanded. 258 S. W. 208.

Appellee Nueces county drainage district sued Nueces county, its then county judge, David M. Picton, Jr., and the commissioners T. M. Lawrence, C. C. Wright, J. A. Harrell, and Joe H. Gallagher, and H. N. Garrett, county treasurer, appellants herein.

Appellees alleged, among other things:

"That the First State Bank of Robstown was, by the drainage district commissioners, named and designated as the depository of Nueces county drainage district No. 2, and, as such, became entitled to receive all the funds from the sale of bonds, and the levy and collection of taxes belonging to said district.

"That E. R. Oliver, tax collector of Nueces county, in performance of his duties collected and received for the benefit of Nueces county drainage district No. 2 the sum of $11,478.53, exclusive of his lawful commissions, and that as such tax collector he paid the money to H. D. C. Gussett, then treasurer of Nueces county, setting out the dates and amounts received by said treasurer from the tax collector, as follows: November 3, 1915, $243.83; December 3, 1915, $479.84; January 11, 1916, $731.-52; February 26, 1916, $7,018.21; February ——, 1916, $108.46; March 4, 1916, $416.43; May 3, 1916, $105.91; June ——, 1916, $121.47; January ——, 1916, $11.94; July 11, 1916, $513,76; August 2, 1916, $30.14; September 6, 1916, $21.55; October 3, 1916, $29.33; November 3, 1916, $200.95; December 6, 1916, $516.-63; January 6, 1917, $930.45; total $11,478.53 —the total of $11,478.53 being the amount in question in this suit.

"That the said several amounts were paid by the tax collector, E. R. Oliver, to H. D. C.

---

⊕⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Gussett, then treasurer of Nueces county, by checks numbered 592, 627, 724, 741, 743, 760, 786, 797, 813, and 852, and that all the funds held by said H. D. C. Gussett, then county treasurer, were held by him without distinction, and that said funds paid to him by the tax collector ·for the use and benefit of Nueces county drainage district No. 2 have since remained in the funds of Nueces county, and in the custody of the county treasurer of Nueces county.

"That H. D. C. Gussett, then county treasurer, relinquished his office on February 6, 1917, and delivered to his successor in office, H. N. Garrett, $52,581.16, in a lump sum, without distinction as to any particular fund.

"It also alleges that the reason the incoming treasurer, H. N. Garrett, refused to pay any drainage money, was because the outgoing treasurer, H. D. C. Gussett, was short with the county some $20,000, and it could not be determined in what funds said shortage existed."

Appellants answered by general demurrer, plea of limitation of two years, and general denial, and specially that the county treasurer was required, in order to handle funds of the drainage district, to enter into a bond payable to the drainage district for the faithful performance of his duties, and, as such county treasurer, received the funds to be handled for said district under his bond as an officer thereof.

Appellants further alleged:

"That under the laws of Texas, H. D. C. Gussett was required to make and execute a good and sufficient bond for the faithful discharge of his duties, to be approved by said drainage commissioners, and that the depository for the funds, having been chosen, if it did qualify as such, he was required to deliver to said depository such funds and make an accounting to them as their treasurer, and if a shortage existed, that said bond was provided specially to hold safe and protect said district from any shortage on the part of the treasurer."

Said answer further alleges:

"That the defendants have nothing to do with said drainage funds, either in the collection or disposition thereof, nor did the said Gussett ever report the collection of any funds to the defendants."

Appellants further alleged in said answer that neither the defendant Nueces county nor the defendant H. N. Garrett ever received, at any time from H. D. C. Gussett, any funds in excess of the funds due the county of Nueces upon the retirement of said H. D. C. Gussett.

Plaintiffs filed their third supplemental petition on July 11, 1927, excepting generally and specially, denial to defendants' third amended original answer, and by repleading matters that were pleaded in their original petition, and that, when Gussett retired from office as treasurer of Nueces county, he left to his successor, H. N. Garrett, the sum of $55,433.15, and that the sum sued for by plaintiffs was included in said amount paid over to H. N. Garrett. Appellants denied any knowledge that any portion of said funds received belonged to plaintiffs.

The case was tried before a jury and submitted to the jury on special issues, which issues were returned into court on the 19th day of July, 1927, with findings against appellant, and the finding of $11,466.48 against appellant. Thereupon the court rendered judgment for appellees in accordance with the findings of the jury, on the 19th day of July, 1927; said judgment disposes of all parties, to wit: That the State National Bank of Robstown take nothing by its suit as against T. M. Lawrence, Joe H. Gallagher, August Heinze, and W. P. Lester and Nat Benton and Miss Nannie Griffin, and that said parties go hence without day and recover their costs.

This suit is not one to recover upon the statutory bond of an official, and in the trial of said cause and its disposition those questions are laid out of sight. Of course, the collection of that fund was by the means and the instrumentalities of the law, but no breach of the conditions of the law in respect to the liability of the treasurer and his sureties upon the bond are called upon to make good. The money was lawfully collected and safely deposited with the county treasurer of the county, whether rightfully or otherwise.

This suit is one asking only for money had and received by Nueces county, it not being anywhere in dispute that the then county treasurer, H. D. C. Gussett, duly received the said several sums of money in plaintiff's petition specified, at the times and in the amounts as therein stated, belonging to the drainage district, and deposited same as received—the identical checks—to the credit of the county treasurer with the other county funds belonging to the county and to its credit in the depository, being the said amount of $11,466.48; that the entire funds of the county were carried in said bank to the credit of the county treasurer of said county and daily balances computed and interest paid thereon to the county by the depository. When a check was given by the county treasurer, under order of the commissioners' court approving and allowing claims on any fund, same was paid out of this account, it being the only account to the credit of the county in the depository, except some special accounts which are of no importance and do not affect the issues in this case, except that they were all turned over to Gussett's successor, and included in the "General Account" on February 6, 1917, in which "General Account" was on said date the sum of $15,363.71. This was the fund to which the $11,466.48 drainage district money had been credited by the depository, and was separate and distinct from the other accounts of the treasurer. Said $11,466.48 remained in said fund and still remains there to the credit of the county and that same was never repaid by the county to the drainage district,

and that appellant received said funds belonging to appellee and retained, and still retains, the whole thereof, and this suit being brought for the recovery of same.

The case was submitted to the jury on special issues and they found, first, the sum of $11,466.48 was in the treasury of Nueces county belonging to Nueces drainage district No. 2, on February 6, 1917; second, that no part of same has ever been paid to said Nueces drainage district No. 2, or to its depository; third, that $11,466.48 is now owing to said drainage district by Nueces county, and, fourth, Nueces county received $11,466.48 from said drainage district. Judgment was entered on return of these answers for said amount in favor of appellees.

[1] These issues were proper and the answers are supported by the testimony. It is shown the funds so belonging to the drainage district were placed to the credit of H. D. C. Gussett, county treasurer, in the county depository of Nueces county, in the general fund and never paid back to the drainage district, the lawful owner, but remained and still remains in said account to the credit of the county, which had full knowledge of all the facts, and with such knowledge its retention thereof constituted said county its trustee, imposing an obligation upon it or an implied promise on its part, so to speak, to return the money upon demand. The county had, through its commissioners' court, duly exercised authority over said fund, managed and controlled the same, and ordered payments made therefrom to various parties, thus exercising control over, care and custody of, the said fund. Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330; Everett v. Texas-Mexican Ry. Co., 67 Tex. 430, 3 S. W. 678; Black v. Caviness, 2 Tex. Civ. App. 118, 21 S. W. 635; Josyln v. Downing, Hopkins & Co. (C. C. A.) 150 F. 317; Farmers' Bank v. Kimball Milling Co., 1 S. D. 388, 47 N. W. 402, 36 Am. St. Rep. 739; City of Osawatomie v. Board of Commissioners, 78 Kan. 270, 96 P. 670, 130 Am. St. Rep. 369.

These moneys as received were by the treasurer deposited into the county depository of Nueces county, with knowledge of the facts, and were mixed and mingled with other funds of the county and used for its own benefit, though belonging to the drainage district. Under such state of facts the county will not be allowed in a court of justice to escape its implied obligation to return the money and not thereby restore the status in quo of the parties. Boaz et al. v. Ferrell et al. (Tex. Civ. App.) 152 S. W. 200; Williams v. Manufacturers' Nat. Bank, 68 Md. 236, 11 A. 835; State of Texas v. Middleton's Sureties, 57 Tex. 185.

The evidence clearly shows that these moneys were paid by H. D. C. Gussett, who was the joint treasurer of the county and the drainage district. They were not embezzled or retained by the said Gussett, but paid over just as received by him to the county depository and credited to the fund of Nueces county, Tex., and placed in the account of the "General Fund." They represented taxes collected and paid in from the drainage district and when paid in constituted joint funds which were mixed with, confused and mingled with county funds without any fault of the owner, the drainage district No. 2.

In such a case as presented where the specific funds are traced to the possession of Nueces county, the owner may sue the county and recover his interest, and it is no defense or justification to refuse to return the money to the true owner and to try to justify the refusal by saying Gussett defaulted to the county in the sum of $20,000 in his official capacity, which is still owing. Such a defense is inequitable and entirely without merit; it would amount to requiring appellee to repay the treasurer's defalcations, when it may be assumed the county has at least the treasurer's statutory bond for its protection.

The treasurer did not breach his bond, if any, to the drainage district because he turned in its money collected by him for it to the county depository of appellant. The drainage fund has been traced to the coffers of Nueces county, and it is liable therefor. This doctrine is recognized and applied by the courts in Hill v. Fleming, 128 Ky. 201, 107 S. W. 764, 16 Ann. Cas. 840; in Fidelity Co. v. Jordan, 134 N. C. 236, 46 S. E. 496; in Boaz et al. v. Ferrell et al. (Tex. Civ. App.) 152 S. W. 200.

[2] The plea of the statute of limitation urged does not apply in this case. It was the duty of Nueces county to assess and collect the drainage taxes in district No. 2; it was imposed upon it to do so by reason of its governmental capacity, which money so collected found its way into the general fund of Nueces county, which now exercises governmental control thereover, and therefore no law of limitations is applicable to or runs between, in favor of or against such separate branches or departments of the government. Delta County v. Blackburn, 100 Tex. 51, 93 S. W. 419; Comanche County v. Burks (Tex. Civ. App.) 166 S. W. 471.

[3] We do not think the court erred in overruling either the general or special demurrer. The petition states a good cause of action.

Had the money been appropriated by the treasurer or had it never reached the treasury of Nueces county, of course, then, there would have been no liability upon the county of Nueces and the drainage district would have had no grounds for any recovery; but the contrary here is true.

Clearly this case is not predicated upon the theory that the county is liable on account of the treasurer's wrong, but because the money collected was paid to the county and the county received it in its governmental capaci-

ty and it was placed in the county depository to the credit of the county and thereby became the money of the county for the benefit of appellees, officially in the hands of the commissioners' court and under its authority reached its depository and stood credited to the general fund of the county. Its custody was for the benefit of appellees and it cannot escape the imposed obligation, express or implied, to repay it to appellees. Hurley v. Buchanan (Tex. Civ. App.) 233 S. W. 590.

If the verdict had been instructed against appellee and for appellant, as urged, the court would have committed an egregious error and the proposition is therefore overruled.

The evidence shows that these funds, after having been so credited to Nueces county, were held in the "general fund" of the county, and when the treasurer turned over the office to his successor, the general fund amounted to more than $15,000 and remained from and after it was delivered to his successor, along with all other funds deposited, in one account, intermingled without distinction as to funds.

The notice to and the recognition by the commissioners' court of this fund and its supervision thereover is clearly established by the testimony.

[4] We do not think the court erred in refusing to admit in evidence a report of J. H. Mushaway, a public accountant. It was not the best evidence. It undertook to establish that Mr. Gussett was in arrears with the county over $20,000, in the opinion of the accountant, not showing in what fund it occurred. It was not the best evidence; was hearsay; the opinion of the writer and his conclusions. It was immaterial and irrelevant. The maker of the report was placed upon the witness stand and, among other things, stated:

"According to my theory, on January 6, 1917, Mr. Gussett should have had some $82,000, of the county's money. The facts are that he turned over to Mr. Garrett $55,433.15, which, if my figures are correct, would indicate a shortage of $26,776.29. I don't think I can say what funds the shortage occurred in. * * * I didn't attempt in my report to adjust the amount of shortage in each fund, I didn't consider that part of my work. I never knew from the result of my investigations what particular fund was short, I only knew that I had to have $82,000 in cash, and I had the distribution made over the various and sundry funds, but now the discrepancy I would not be able to locate. I wasn't able to locate in what fund, if any, the discrepancy occurred, and I am not able to do that now."

The material investigation was not as to Gussett's shortage to the county, but as to the action of the county in respect to its withholding and refusing to return to appellee the money that belonged to it.

To the same effect is the complaint made of the refusal of the court to allow the report of the auditor, Geo. Kidd, Jr., to be read in evidence, and for the same reason the objection is overruled.

The shortage of the treasurer in respect to his defalcation of funds belonging to the county is not material to the issues involved in this case.

No recovery is sought against Nueces county for any misappropriation of drainage district funds by its officers, this statement is plainly made by appellee in its brief, but the action is to hold the county liable by reason of the fact that it acquired the drainage money, is wrongfully holding it, and refusing to pay it over to its rightful owner, the appellee.

The opinion in this case is not in conflict with the former opinion of this court, because it is based on proof that the county knowingly appropriated the funds of the drainage district and should be compelled to return funds converted by it. In the former opinion it was said:

"If any misappropriation of the fund was made, it was during the incumbency of treasurer Gussett, as was alleged by the drainage district. No fund of the drainage district collected by Gussett was traced into the hands of Garrett and then into the hands of the county."

Again it was said:

"The county was not accountable for its safe-keeping, and could not be held liable for it, except as any other person might be held accountable, and that only through a conversion of it to other purposes than those for which it was intended."

The opinion on this appeal is based on a finding that the evidence traced the money of the drainage district into hands of appellant and a conversion of the funds by it.

We have carefully examined all the appellants' assignments, brief, and argument, and do not think there is any merit in any of them.

This case was fairly tried and is free from any assigned error that should require a reversal. Substantial justice has been administered; hence the judgment is affirmed.