**BOND et al. v. MIDDLETON et al.**

No. 3835.

Court of Civil Appeals of Texas. El Paso.

June 15, 1939.

Rehearing Denied July 13, 1939.

Cooper K. Ragan, of Houston, Sol Goodell, Thompson, Knight, Baker, Harris & Wright, W. H. Sanford, Conan Cantwell, Walace Hawkins and Roy C. Ledbetter, all of Dallas, and Bramlette & Levy and Taylor & Storey, all of Longview, for appellants.

Gaines T. Shoults, Henry H. Harbour and Wynne & Wynne, all of Longview, for appellees.

WALTHALL, Justice.

This suit is in trespass to try title to a strip of land alleged to contain 2.4 acres with a count for the recovery of the value of oil produced therefrom. The petition also contained a plea of ten years' adverse possession, and seeks title thereunder by prescription. The suit was filed August 24, 1936, by Mrs. Ora May Shoults Middleton and her husband. Mrs. Middleton was

formerly Mrs. Ora May Shoults, wife of W. C. Shoults, deceased. The suit was brought against various defendants, including appellants, J. B. Bond and Frank R. Foster, Inc.

Defendants J. B. Bond and Frank R. Foster, Inc., answered by general demurrer, general denial, plea of not guilty, and pleaded the five and ten year statutes of limitation and improvements in good faith, and by cross action sought judgment against plaintiffs for title and possession of the oil and gas leasehold estate. Other defendants answered by general demurrer, general denial and plea of not guilty.

The case was tried to a jury. At the close of the evidence defendants severally moved for directed verdicts, which the Court denied, and submitted to the jury nine special issues. The first and second issues presented the plaintiff's claim of adverse possession under her plea of title by prescription. The jury found each issue in favor of plaintiff. The third and fourth issues presented questions relating to the location of the west line of the "John Rodden" and "W. J. Rodden" tracts, the latter known generally as the "Fisher land," a part of the former John Rodden land, and in general east of the land conveyed by Mrs. Ora May Shoults to Carl B. Everett. The jury answered "Yes" to each of these two issues as submitted. The fifth and sixth issues submitted related to the location of a tract of land conveyed by Nancy J. Carter, Executrix, to Archie Stevens, under whom the Shoults' title to the land conveyed to Everett was derived. The jury answered "Yes" to the fifth inquiry, and "No" to the sixth. The seventh and eighth questions submitted inquired whether Mrs. Shoults (the grantor in the deed to C. B. Everett) at all times up to and including the time of her conveyance recognized and considered the old fence line (referred to in the evidence) along the east side of the land described in plaintiff's petition as being the west line of the Fisher tract and east line of her tract. The jury answered "Yes" to each inquiry. The ninth issue inquired whether Mrs. Shoults, in her deed to Everett, intended to convey to the old fence line along the east side of the land in controversy, to which the jury answered "No."

## Opinion.

Appellants' first four propositions are submitted together and we will so consider them. The contention is made that the undisputed evidence wholly failed to show title to the land in controversy in plaintiff (appellee here), but that it shows, for reasons stated, that plaintiff had conveyed the land as located on the ground on March 30, 1930 to Carl B. Everett, and that, because plaintiff had no title, it was error to disregard the jury's finding under issue No. 9, and refuse to render judgment for defendants.

We do not concur in defendants' contentions that the undisputed evidence shows as a matter of law that plaintiff had no title to the land by reason of her deed to Everett.

■ The primary question in this case, as we conceive it, being the location on the ground of the land in controversy, and there being a conflict in the evidence as to its location, the question was properly one for the jury and not one of law for the Court.

Also, in addition to the question of title in plaintiff by reason of the Everett deed, plaintiff pleaded title in herself under the ten year statute of limitation, which issue the Court submitted to and was found for plaintiff by the jury.

On March 12, 1930, plaintiff, then Mrs. Shoults, executed the deed in question to Everett. The deed contained the following . description of the land conveyed: After reciting the consideration the deed recites:

"Have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Carl B. Everett of the County of Gregg, State of Texas, all that certain lot, tract or parcel of land lying and situated in the County of Gregg, State of Texas, viz.: Being a part of the John Ruddle H. R. Survey, about 8 miles N.W. from the City of Longview; and

"Beginning 49 vrs. south of W. J. Rodden's N.W. corner from which a dogwood brs. 66' E. 6 vrs.; thence south with the W.B. line of same at 450 vrs. to a stake, a White Oak brs. S. 80; thence west 732 vrs. a stake for corner; thence north 460 vrs. a stake for corner; thence east to the place of beginning, 732 vrs. more or less.

"The land herein conveyed being the south one-half of the original Katie More Beham homestead, and containing 30.4 acres of land, more or less."

We understand plaintiff. contends the strip of land in controversy was not included within the deed made by her to

Everett; that the strip of land in controversy was within her enclosure, but outside of the field notes by which she acquired and sold her tract; that she acquired title to the strip of land in controversy only by adverse possession as pleaded.

Plaintiff and defendants each had the land surveyed, and on the trial filed maps of the surveys made and in their briefs refer to the maps. We cannot reproduce the maps here and indicate therefrom the claims made by each. Appellants contend that the land described in plaintiff's petition was on the west side of an old fence line and marked line and had been for many years prior to plaintiff's deed to Everett in 1930, and reasons therefrom that it was plaintiff's intention in her deed to Everett that in conveying the south one-half of the John Ruddle survey her deed should and did cover and include the land in controversy, and that in this suit plaintiff had no land to convey.

However, plaintiff's surveyor, in locating the land on another marked and a fence line, established the corner of the Rodden-Fisher land approximately ninety feet farther east from the admitted northeast corner of the Rodden tract, and the jury found in favor of his location. There seems to be no escape from the conclusion that there is a conflict as to the location on the ground of the Katie More Beham-Shoults tract, as referred to in the Katie More Beham deed, the result being the issue of fact determined by the jury.

■ We have not found any ambiguity in the Shoults-Everett deed; therefore nothing passed by that deed except the land actually described therein, regardless of the intention of the parties to the deed. Parties making and accepting a deed are bound by its terms and recitals. While parol evidence is often admissible to ascertain what lands are embraced within the description, such evidence cannot make the deed operate upon land not embraced in the descriptive words. Gorham v. Settegast, 44 Tex.Civ.App. 254, 98 S.W. 665, 669; Sloan v. King, 33 Tex.Civ.App. 537, 77 S.W. 48; Buie v. Miller, Tex.Civ.App., 216 S.W. 630.

■ Appellant asserts error in the Court's judgment "based on the jury's answer to special issue No. 3." We have in the statement referred to issue 3 and the jury's answer. Issue 3 refers to the location on the ground of the west line of the Caddy Fisher tract. The matters referred to in issue 3 are found in the evidence, but we are not prepared to say that the Court's judgment was based on the finding on that issue. The evidence on the issue was evidentiary only, and in our opinion there was no need to submit the issue, as the boundary submitted in that issue is not in controversy here; nor is the location of the boundary there found within the jury's verdict.

As we view it, there was but one issue in this case: The location on the ground of the tract sued for. The locations of other lines were incidentally involved only, and we do not read them into the verdict or judgment.

The same can be said of issue 4 and other similar issues. In the location of the land we are considering there is no call for the John Rodden tract. The Court could not base the judgment on the location of that tract, and we find nothing in the record to indicate that he did.

Appellants object to the judgment on the ground that the verdict of the jury does not establish on the ground the land described in plaintiff's petition, or locate the things called for descriptive of the disputed lines, and that the judgment does not establish on the ground the land adjudged to plaintiff so as to be effective.

The verdict found that plaintiff, in person or by tenant, held her possession "of the land described in plaintiff's petition and in controversy herein." The description of the land in the judgment is the same as that given in the petition,

"Beginning at the southeast corner of the Carl B. Everett tract, the same being the southeast corner of the tract of land conveyed by Ora May Shoults, relict of W. C. Shoults, to Carl B. Everett by deed dated March 12, 1930, recorded in Vol. 59, page 43, of the Deed Records of Gregg County, Texas;

"Thence north with the original east line of said tract 655 feet to a stake for corner;

"Thence east 122 feet to a stake for corner in an old fence line;

"Thence southerly with the meanders of said fence line 655 feet to a stake for corner, from which a post oak marked X bears south 45 deg. east 10 vrs.;

"Thence west 115 feet to the place of beginning, containing 2.4 acres of land, more or less."

We have not found in the evidence that the land is established by a description other than that in the petition. The test of sufficiency of description is as to whether the judgment so identifies the land that the officer executing a writ of possession could go upon the ground and, without exercising judicial functions, ascertain the locality of the line by the matter set out in the pleadings of the prevailing party. We have concluded the verdict and judgment do not sufficiently identify the land.

Appellants claim the evidence was insufficient to show title in plaintiff under the ten year statute of limitation pleaded. In view of another trial we think it best not to discuss the sufficiency of the evidence to show title in plaintiff by prescription.

The case is reversed and remanded.