**ETHERIDGE v. CITY OF DALLAS.**

No. 2997.

Court of Civil Appeals of Texas. Waco.

Feb. 14, 1952.

Rehearing Denied March 6, 1952.

Odeneal, Herndon & Franklin, Dallas, for appellant.

H. P. Kucera, City Atty., H. Louis Nichols, Asst. City Atty., Dallas, for appellee.

HALE, Justice.

I. G. Etheridge, appellant, brought this suit as a formal action in trespass to try title against the City of Dallas for the purpose of recovering the title and possession of a certain tract of land situated within the corporate limits of the municipality. Appellee answered with a plea of not guilty and, in the alternative, a claim of title based upon the ten year statute of limitation. The case was tried without a jury and resulted in a "go hence" judgment for appellee, the court decreeing in the judgment that appellee was entitled to retain possession of the property sued for pursuant to (1) a certain deed from the City and County of Dallas Levee Improvement District (hereafter referred to as the Levee District) to appellee dated January 29, 1929, (2) an instrument of dedication from the Levee District to the County of Dallas dated January 28, 1929, and (3) the right of appellee "to use such of said property as is now occupied and used for street purposes, such right having been established under the ten year statute of limitation."

Under appropriate points in his brief appellant says the court erred in decreeing that appellee was entitled to possession of the land pursuant to the deed from the Levee District to appellee dated January 29, 1929, because the grant in such instrument was made on a condition precedent which was never performed or, in the alternative, on a condition subsequent which was breached, thereby giving appellant, as assignee of appellee's grantor, the right of reentry.

The property in controversy is a part of Lots 2, 3, 4, 5, 6, 12, 13 and 14 in Block No.

28/3009 in the City of Dallas. The Levee District is the common source from which both parties deraigned their asserted titles. Under date of January 29, 1929, the Levee District executed and delivered to appellee an instrument in writing whereby, for a recited consideration of one dollar, it granted to appellee "the free and uninterrupted use" of the property here in controversy. This instrument further recited that such use and occupancy was granted upon certain conditions therein set forth, such conditions being in part as follows: "(1) That the said City of Dallas shall use said land for park purposes only. * * * (5) All of the above provisions are made a part of the consideration for this grant, and a violation of any of them shall, at the option of said City and County of Dallas Levee Improvement District, terminate this grant or agreement." Under date of October 1, 1944, the Levee District executed and delivered to appellant a general warranty deed in due form whereby it granted and conveyed to him the property here involved. The evidence shows that appellee has not used any part of the property at any time for park purposes but it has used a part of the same for street purposes. In April of 1945 appellant rented the property or a part thereof to a sign board company and since that time the company has been continuously maintaining large sign boards on the premises and has been paying rentals for the use of the same to appellant.

It is quite clear from the language employed in the written instrument dated January 29, 1929 that the intended purpose thereof was to grant to appellee only a right to use the property therein described and not to convey an estate in fee simple. It is also clear, we think, that such right of user or easement was being granted upon the express condition that such property must be used by appellee for park purposes and, furthermore, that it could not properly be used for any other purpose.

██ A condition precedent in an instrument affecting the title to land is said to be one which must take place before the estate can vest or become enlarged, while a condition subsequent is one which oper-

ates upon an estate already created and vested, the latter rendering the estate so created and vested liable to be defeated. Wiederanders v. State, 64 Tex. 133; 17 Tex.Jur. p. 109, Sec. 9. The application of this abstract test to the concrete facts involved in border line cases has been a source of considerable difficulty to the courts.

██ We are inclined to the view that the mandatory requirement in the instrument under consideration to the effect that appellee "shall use said land for park purposes" constituted a limitation which was in contemplation of law a condition precedent to the creation or vesting of any estate in appellee. Spinks v. First Christian Church of Vera, Tex.Com.App., 273 S.W. 815 and authorities. However, even though such limitation be regarded as a condition subsequent, and even though appellee might have used a part of the premises for park purposes, nevertheless the additional use of a part of the property by appellee for street purposes undoubtedly constituted a violation and breach of the condition that such property should be used for park purposes only, thereby giving rise to the right of appellant, as assignee of the Levee District, to terminate the conditional grant and to re-possess the premises in dispute. Perry v. Smith et al., Tex.Com.App., 231 S.W. 340. We are of the opinion that appellant duly evidenced the lawful exercise of his right of re-entry by renting the property to a tenant in April of 1945 and again by the institution of this suit on March 25, 1950. Gulf, C. & S. F. Ry. Co. v. Dunman, 74 Tex. 265, 11 S.W. 1094.

Therefore, we hold that the trial court erred in decreeing that appellee was entitled to retain possession of the property sued for pursuant to the so-called deed from the Levee District to appellee dated January 29, 1929.

Under other points in his brief appellant says the court erred in decreeing that appellee was entitled to retain possession of the property sued for by virtue of a certain instrument of dedication from the Levee District to the County of Dallas

dated January 28, 1929. He also says the court erred in finding and decreeing that appellee had acquired the right to use "such of said property as is now occupied and used for street purposes" under the ten year statute of limitation. Since the issues of dedication, prescription and limitation are closely related they will be discussed together.

The entire tract of land in controversy is oblong in shape. It extends generally in a northwesterly-southeasterly direction, being approximately 700 feet in length by a width varying from 90 to 135 feet. Traversing the tract at an angle of about 90 degrees is an overhead viaduct, known as the Cadiz Street Viaduct, which extends over and across the subject property in a northeasterly-southwesterly direction. The viaduct spans the Trinity river and its adjoining bottom lands to the west, the floor level of the viaduct near the west end where it passes over the property in dispute being approximately 35 feet above the ground level below. The over-all width of the viaduct is 53 feet, the width between its supporting piers being 38 feet. On the ground level underneath the viaduct is a dirt or graveled roadway, the width thereof varying from 24 to 30 feet. This roadway passes under the viaduct, at an angle of about 90 degrees, on a part of the property here involved, its general course following that of a gradual "S" curve as it passes under the viaduct from the southwest and emerges therefrom to the northeast.

The record shows that on and prior to November 10, 1928, appellant was the owner of all the land described in his petition herein. On the latter date he conveyed the greater part thereof, together with other lots not involved in this suit, to the Levee District, a public corporation of the State of Texas, by general warranty deed for a recited consideration of $7,875.-00, that being the amount of damages allowed to him by the Commissioners of Appraisement in a condemnation proceeding theretofore instituted by the Levee District. Thereafter, on December 26, 1928, he conveyed to the Levee District "the free and uninterrupted use, liberty, privilege, easement and right of way, for the purpose of building and maintaining levees, borrow pits, flood way and any and all other uses and purposes which are or may be necessary or desirable in the building or maintaining of any system of levees or drainage which said City and County of Dallas Levee Improvement District, its successors or assigns, shall at any time construct or cause to be constructed, over, across and through" all of Lot 11 and a part of Lot 4 in Block 28/3009 in the City of Dallas. The easement thus granted to the Levee District was in consideration of $700.00, that being the amount of damages allowed to appellant for such use by the Commissioners of Appraisement in the condemnation proceedings theretofore instituted by the Levee District.

On January 28, 1929, the Levee District executed and delivered a written instrument of dedication to Dallas County whereby it dedicated to that county for street purposes a strip of ground 100 feet in width across the tract of land involved in this suit, this dedication being made for the contemplated construction and maintenance of the Cadiz Street Viaduct. The ground covered in the dedication included a part of the land described in the easement granted to the Levee District by appellant under date of December 26, 1928. Thereafter, the Cadiz Street Viaduct was constructed and since its completion sometime about 1931 it has been in constant use by members of the public as a thoroughfare and it had been maintained continuously by appellee as a public street for more than ten years prior to the institution of this suit. There was evidence to the effect that the roadway on the ground level underneath the viaduct has likewise been used at or near its present location as a thoroughfare or street for more than ten years prior to the institution of this suit.

 It is readily apparent that appellee was not entitled, by virtue of the dedication instrument dated January 28, 1929, to retain possession of all the land for which appellant sued because the strip of ground thereby dedicated to the use of Dallas County for street purposes consisted

of less than one-fifth of the entire tract as specifically described by metes and bounds both in the petition of appellant and in the deed to him from the Levee District dated October 1, 1944. We also think the court erred in decreeing that appellee was entitled to retain possession of the entire tract or to use "such of said property as is now occupied' and used for street purposes" under the ten year statute of limitation as embraced in Art. 5510 of Vernon's Tex.Civ.Stats. because, among other reasons, (1) the evidence was wholly insufficient to show that appellee had acquired or matured any right, title or interest in or to the entire tract by adverse possession thereof within the meaning of Art. 5515 of Vernon's Tex.Civ.Stats. and (2) the judgment of the court did not purport to describe in any wise "such of said property as is now occupied and used for street purposes." Indeed, the trial court could not have described that part of the property now occupied and used for street purposes with that degree of certainty which would enable an officer in the execution of a writ of possession to locate the same because the evidence was wholly insufficient to form the basis for any such description.

A judgment rendered in an action of trespass to try title should describe the land thereby affected with reasonable certainty. Hearne v. Erhard, 33 Tex. 60; Devine v. Keller, 73 Tex. 364, 11 S.W. 379; Houston Oil Co. of Texas v. Holland, Tex.Com. App., 222 S.W. 546; Smith v. Griffin, 131 Tex. 509, 116 S.W.2d 1064. The test by which the sufficiency of the description may be determined is whether an officer executing a writ of possession issued on the judgment could go upon the ground and locate the boundary lines of the land affected without the exercise of any judicial discretion on the part of such officer. Bond et al. v. Middleton et al., Tex.Civ. App., 131 S.W.2d 294; Stovall et al. v. Finney, Tex.Civ.App., 152 S.W.2d 887; Southern Pine Lumber Co. v. Whiteman, Tex.Civ.App., 163 S.W.2d 212 (er. ref. w. m.). Since the judgment in this case did not purport to describe or identify that portion of the property in controversy

which may now be occupied and used for street purposes, it is our opinion that the provision in the judgment decreeing to appellee the right to retain possession of "such of said property" as is now occupied and used for that purpose is without any legal force or effect as an adjudication of any issue in the case.

Appellant says the judgment should not only be reversed but that judgment should be here rendered in his favor awarding to him the title and possession of the entire tract for which he sues. He insists that the instrument of dedication dated January 28, 1929, is of no effect in this case because the Levee District had only a levee easement to a part of the land therein described and, furthermore, because the grantee therein was Dallas County and not the City of Dallas. He also urges that appellee acquired no right, title or interest in or to any part of the land in controversy under the ten year statute of limitation as embraced in Art. 5510 of Vernon's Tex.Civ. Stats. because the evidence was insufficient for that purpose and, furthermore, because limitation does not run between municipalities or governmental units, such as the Levee District, Dallas County and the City of Dallas, and hence it could not begin to run in favor of appellee until October 1, 1944 when the property in controversy was conveyed to him by the Levee District.

We think appellant properly established the fact that he was the owner in fee simple of the entire tract of land for which he sued and that he was entitled to recover of appellee the immediate and exclusive possession of the greater part thereof. Not only did he show a good record title thereto in himself emanating from the common source, but the only muniment of title to the entire tract relied upon by appellee evidenced nothing more than a limited grant of easement made upon a condition precedent which was never performed and consequently such conditional grant did not become effective. However, under the evidence in the case and the findings of the trial court with respect thereto, we cannot say as a matter of law that appellant is presently entitled to the immediate and ex-

clusive possession of "such of said property" as may now be occupied and used for street purposes. If any part of the property sued for has been so used for a sufficient length of time and under such circumstances as to vest in the public a prescriptive right to the continued use of the same for street purposes, as expressly found by the trial court, then appellant would not be entitled to the possession of that specific part of the property in controversy so long as it may be used for such purposes, provided such of said property so used be identified with sufficient certainty.

Because of the errors which we have discussed, the judgment appealed from is reversed and the cause is remanded to the court below for further proceedings not inconsistent with the views herein expressed.

LESTER, C. J., took no part in the consideration or disposition of this case.

On Appellee's Motion for Rehearing

In its motion for rehearing, appellee calls our attention to the fact that by trial amendment it pleaded the four year statute of limitation as a bar to the right of appellant to any recovery herein. It insists that the grant to it, as evidenced by the deed from the Levee District dated January 29, 1929, was made upon a condition subsequent rather than a condition precedent, that the four year statute of limitation applies to an action to terminate a grant made upon a condition subsequent and that the right of appellant's predecessor in title to terminate the grant arose, if at all, in 1930 when a part of the premises was first used for street purposes.

We seriously doubt whether any statute of limitation was available or could have become available at any time to the County of Dallas or to appellee as a defense against the enforcement of any right which might have accrued to the Levee District under the facts of this case because each was a public corporation and each was exercising governmental functions in the acquisition of any right, title or interest which they or either of them might have had in or to any part of the land here in controversy. 53

C.J.S., Limitations of Actions, § 17(b) and (d), p. 949; Gulf Bitulithic Co. v. Nueces County, Tex.Civ.App., 297 S.W. 747; Nueces County et al. v. Nueces County Drainage District No. 2, Tex.Civ.App., 5 S.W.2d 620 (er. ref.); Jackson v. Nacogdoches County, Tex.Civ.App., 188 S.W.2d 237.

Furthermore, even though limitation was available to appellee as a defense against the cause of action asserted by appellant and even though the grant from the Levee District to appellee as evidenced by deed dated January 29, 1929 was made upon a condition subsequent rather than a condition precedent, we do not think the four year statute of limitation as embraced in Art. 5529 of Vernon's Tex.Civ.Stats. is applicable to this suit. The dominant purpose of the suit was to recover the title and possession of the land sued for, the termination of the grant evidenced by the deed dated January 29, 1929 being incidental only to the ultimate right of appellant to recover that for which he sued. Moreover, the violation of the condition upon which the grant was made did not automatically terminate the agreement but merely gave rise to the exercise of the reserved right of the Levee District to terminate at its election. We find no evidence that the Levee District knew the condition upon which the grant was made had been breached or that it ever attempted to exercise its right to terminate the agreement because of such breach. Until the Levee District or its assignee knew or in the exercise of ordinary care and diligence should have known that the condition had been breached, limitation would not begin to run against either to terminate the agreement by an exercise of the right of re-entry upon the premises.

Appellee also asserts in its motion for rehearing that this cause is being remanded so that appellant may introduce evidence to show the specific property which he may be entitled to recover upon a retrial of the case. We did not intend to indicate that purpose by anything that was said in the original opinion. On the contrary, it was our intention in remanding the cause for

698

another trial to afford to appellee an opportunity to show by competent evidence the specific portion of the entire tract in controversy which might have been occupied and used for street purposes for a sufficient length of time and under such circumstances as to vest in the public a prescriptive right to the continued use of the same for street purposes, in order that appellee might thereby establish an affirmative defense against the right of appellant to recover presently the possession of a part of the entire tract of land which we think he showed he now owns in fee simple.

After due consideration of appellee's motion for rehearing, we have concluded that it should be overruled.