McMURREY v. STANDLEY. (No. 1522.)

Court of Civil Appeals of Texas. Beaumont.
June 23, 1927.

Rehearing Denied June 29, 1927.

1. **Deeds** ⊛=42—**Deed to ten-acre tract out of larger tract, where field notes when applied to plat failed to close and embraced no particular land, held void for want of description.**

Deed, describing land as beginning at northeast corner of grantor's property and southeast corner of that given her brother, thence in a westerly direction with dividing line between two tracts, "and to a point far enough on said line so that a line run at right angles to the south boundary line of my said tract, and thence to the west bank of the Trinity river, and thence up said river to the beginning, will contain and embrace ten acres of land," *held* void for want of description and inadmissible in suit in trespass to try title, where common corners were not as described, and dividing line ran south instead of west, and calls of field notes when applied to land as shown by plat could not be made to close so as to embrace any particular land contained in grantor's 41½-acre tract.

2. **Appeal and error** ⊛=1056(3)—**No harm resulted from excluding deed in suit to try title, where no definite land was described.**

Action of court in excluding deed in suit in trespass to try title, if it could be considered error, *held* harmless, where no definite land was located by description therein.

Appeal from District Court, San Jacinto County; J. L. Manry, Judge.

Suit by V. W. McMurrey against George Standley. Judgment for defendant, and plaintiff appeals. Affirmed.

Wm. McMurrey, of Cold Springs, for appellant.

Rowe & Rowe, of Livingston, for appellee.

O'QUINN, J. Suit in trespass to try title to 10 acres of land, a part of the E. L. Stickney survey in San Jacinto county, brought by appellant against appellee. The case was tried to a jury, but at the conclusion of the evidence the court instructed the jury to return a verdict for appellee.

Appellant presents several assignments of error, but we deem it necessary to discuss but one of them.

Appellant alleged ownership of the land in question. The record disclosed that it was a portion of a 41½-acre tract that Sallie White inherited from her father, George Standley, Sr. Appellant endeavored to show title through a deed from Sallie White to Sam Mitchell, and from Sam Mitchell to himself; but when the deed from Sallie White to Mitchell was offered, upon the objections that the description in the deed was wholly insufficient—did not describe the land in litigation, or any specific land—and that said deed was testamentary in character and was not intended to make a conveyance in praesenti of a future interest in the land, it was excluded by the court. Other evidence offered in aid of the deed was objected to on the ground that the deed was void for want of description, and this was also excluded. These matters are before us on bills of exception, but we deem it unprofitable to discuss any except the first—that the deed from Sallie White to Mitchell was void for want of description.

The description of the land in the deed is:

"All that certain tract, or parcel of land, a part of the E. L. Stickney survey in said county and a part of that certain tract of land of said survey, inherited by me from my father, George Standley, deceased, described as follows, to wit:

"Beginning at the northeast corner of said 41½-acre tract set apart to me in a partition of my said father's land, the same being the southeast corner of a 41½-acre tract set aside in said partition to my brother, George, commonly called Beach Standley, on the west bank of the Trinity river;

"Thence in a westerly direction with the dividing line between my said tract and the tract of my said brother, to a point far enough on said line so that a line run at right angles to the south boundary line of my said tract, and

"Thence to the west bank of the Trinity river, and

"Thence up said river to the beginning, will contain and embrace ten acres of land, and no more."

There is a sketch or map in the record of the lands of the Standley heirs partitioned out of their father's estate, and this shows the portions given to Sallie White and her brother, George, bordering on the Trinity river; the river being the north boundary of said two tracts. The sketch below shows the situation of these two tracts:

It is seen that the George Standley tract is directly west of and adjoins the Sallie White tract. On the face of the field notes in question there appears no inconsistency or ambiguity, but when applied to the land as shown by the plat in the record they are meaningless and locate no land. The field notes of the deed in question call to begin at the northeast corner of the Sallie White tract, and say the same is the southeast corner of her brother George's tract on the west bank of the Trinity river. This is impossible, as is seen by looking at the above sketch. The tracts adjoining and being rectangular in shape, the northeast corner of the one could not coincide with the southeast corner of the other, and the Trinity river bordering the two tracts on the north, the southeast corner of either could not be on the river. The call from the beginning corner (Sallie White's northeast corner) is in a westerly direction with the dividing line between the Sallie White and the George Standley. This is impossible. The dividing line between the two tracts runs north and south instead of east and west. The dividing line between the two tracts is nowhere in contact with the northeast corner of the Sallie White tract, but is removed from same by the whole width of said tract. Each of the other calls is equally as impossible.

But appellant says that the call for the beginning corner in the deed being for the northeast corner of the grantor's 41½-acre tract, the same being the southeast corner of the 41½-acre tract set apart to her brother, George, and on the Trinity river, was error, for the plat shows the only common corner

of said two tracts on the Trinity river to be the northwest corner of the Sallie White and the northeast corner of the George Standley tract, and therefore the call for a common corner of the two tracts on the Trinity river will control and relieve the deed from the uncertainty of the beginning corner, and the land in question will be located thereby.

If it be conceded that the 10 acres should be located from the northwest corner of the Sallie White tract, still the impossibility of locating the land by the field notes exists. The field notes call to run from the beginning corner in a westerly direction with the dividing line between the two surveys. This is impossible, for there is no dividing line running west—the dividing line runs north and south, so that beginning at the corner on the river, the line to follow the dividing line would have to be run south instead of west. The field notes say that said line is to be run far enough on said dividing line so that a line run at right angles to the south boundary line of the Sallie White tract, and thence to the west bank of the Trinity river, and thence up said river to the place of beginning, will contain 10 acres of land. This is impossible, for to run the line from any point on the dividing line at right angles to the south boundary line of the tract would be to simply continue in a straight line down the dividing line, as that is the only line from that point that could be run at right angles to said south line, and an attempt to conclude the survey by the remaining calls will not close. So that, if the northwest corner of the Sallie White tract be taken as the beginning point, and the field notes applied, it is impossible to definitely locate any specific land.

Appellant contends that the deed from Sallie White to Sam Mitchell, reciting that 10 acres should be conveyed out of the 41½-acre tract allotted to her, and that it should begin at the common corner of her and her brother George's tract, and the final call being to run up the river to the place of beginning, it was clear that the 10 acres of land conveyed was to be taken out of a certain corner (the northwest corner) of her land in the form of a square.

We do not think this contention sound. This is not a case where the deed calls for a certain number of acres to be taken out of a certain corner of a larger survey of land, which larger tract is described by metes and bounds, but is one where the description of the land attempted to be conveyed is itself set out by metes and bounds, and which description is such as to render it descriptive of no particular land when applied to the land as shown by the plat. Edrington v. Hermann, 97 Tex. 199, 200, 77 S. W. 408. We think it would be impossible for any surveyor to locate the land by the use of the description given in the deed considered in connection with the plat which was introduced in evidence by appellant and is found in the record. Moreover, appellant's witness Ross, an experienced surveyor, testified that no land could be located by the description in the deed—that the field notes did not and could not be made to embrace any tract of land.

[1, 2] It being impossible to locate the land in controversy by the description in the deed, it was void for want of description, and the court did not err in excluding same. However, if in any event it could be said that the deed should have been admitted, still the error in excluding it was harmless, for when the description therein is applied to the land shown by the plat, the correctness of which is not questioned, no definite land is located thereby, and the instructed verdict was correct.

The other assignments, presenting matters incidental to the one discussed, show no error. The judgment should be affirmed, and it is so ordered.

Affirmed.