## McMURRAY· v. STANDLEY.*
### (No. 1044–4965.)

Commission of Appeals of Texas, Section A. Jan. 18, 1928.

**1. Deeds 42—Latent ambiguity in deed must be determined on assumption that parties contracted with reference to property's real condition, in light of doctrine falsa demonstratio non nocet.**

Latent ambiguity in description of deed· must be determined on assumption that parties contracted with reference to real condition of· property, where there is lack of evidence to· contrary, and with application of doctrine that falsa demonstratio non nocet.

**2. Deeds 42—Deed for 10-acre tract held· void, where calls of description were impossible to reconcile with facts.**

Deed, describing land as beginning at northeast corner of grantor's property and southeast corner of that given her brother; thence· in a westerly direction with dividing line be-

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied March 7, 1928.

tween two tracts, "and to a point far enough on said line so that a line run at right angles to the south boundary line of my said tract, and thence to the west bank of the Trinity river, and thence up said river to the beginning—will contain and embrace ten acres of land," *held* void for want of description, and inadmissible in suit in trespass to try title, where common corners were not as described, and dividing line ran south instead of west, and calls of field notes when applied ·to land as shown by plat could not be made to close so as to embrace any particular land contained in grantor's 41½-acre tract.

3. **Evidence ⬅⮞452—Extrinsic evidence cannot cure latent ambiguity in deed, unless description, after rejection of false description, permits location on particular tract.** ·

In determining question of latent ambiguity in deed, extrinsic evidence becomes important only when there is left, after rejection of false description, enough to permit location on some particular tract.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by V. W. McMurray against George Standley. Judgment for defendant was affirmed (297 S. W. 557), and plaintiff brings error. Affirmed.

Wm. McMurrey, of Cold Springs, for plaintiff in error.

P. R. Rowe, of Livingston, and P. R. Rowe, Jr., of Houston, for defendant in error.

NICKELS, J. The general nature of the case is stated in the opinion of the Court of Civil Appeals. 297 S. W. 557. It was held that the description in the deed there considered was void for uncertainty. If that ruling be correct the assignments here are either immaterial or not well laid.

[1] The basic matter is one of latent ambiguity; and it must be determined upon the assumption that the parties contracted with reference to the real condition of the property, or "its actual state," since there is lack of evidence to the contrary, and with application of the doctrine that falsa demonstratio non nocet. Arambula v. Sullivan, 80 Tex. 615, 16 S. W. 436.

[2] The "actual state" is: The tracts of George and Sallie Standley adjoined; the east (slightly northeast) line of George's tract is coincident with the west (slightly northwest) line of Sallie's tract. The most southern line of Sallie's tract is at right angles with the common line just mentioned and lies some distance north of the southern line of George's tract. For a considerable distance Sallie's tract is bounded by a line running almost southwest-northeast. The fourth line of Sallie's tract is parallel with the first, at right angles with the second, and extends from a point in the third to the Trinity river. The remaining boundary of Sallie's tract and

a corresponding boundary of George's tract is the Trinity river, the general downward course of which along Sallie's tract is a curve to the southeast. The tracts are depicted by plat in the opinion of the Court of Civil Appeals, to which reference is here made. The description reads:

"All that certain tract, or parcel of land, a part of the E. L. Stickney survey in said county· and a part of that certain tract of land of said survey, inherited by me from my father, George Standley, deceased, described as follows: 'Beginning at the northeast corner of said 41½ acres set apart to me in a partition of my said father's land, the same being the southeast corner of a 41½-acre tract set aside in said partition to my brother, George, commonly called Beach Standley, on the west bank of the Trinity river; thence in a westerly direction with the dividing line between my said tract and the tract of my said brother, to a point far enough on said line so that a line run at right angles to the south boundary line of my said tract, and thence to the west bank of the Trinity river, and thence up said river to the beginning—will contain and embrace ten acres of land, and no more.'"

Examination of the plat will disclose inevitable falsity in the following descriptive elements: (a) The beginning call for the "northeast corner" of Sallie's tract and the "southeast corner" of George's tract; (b) a "westerly direction" for the "dividing line"; (c) a "line run at right angles to the south boundary line of my said tract" for the second boundary named.

If the falsa be rejected, there will remain: (a) The "dividing line" between Sallie's and George's tracts as one of the boundaries of the tract supposedly conveyed; (b) the Trinity river for an undefined distance from its intersection with said "dividing line" for another boundary of the tract supposedly conveyed; (c) that point of intersection for the "beginning corner"; (d) "ten acres, and no more" for quantity; (e) a line run from some point in the "dividing line" to "the west bank of the Trinity river" so as to include "ten acres, and no more."

When the false is rejected and the true is sought to be applied on the ground, as will be seen, an insuperable difficulty appears in the fact that any one of many lines which may be drawn between points in the "dividing line," on the one hand, and points in the west bank of the Trinity river, on the other, will mark off "ten acres, and no more." The possible boundaries of the 10-acre tract are as infinite as are the points in a large portion of the dividing line and the points in a large portion of that part of the river line which bounds the larger tract.

Against this result an argument is made by plaintiff in error: It is said that we should start at the beginning point named (that is, at the intersection of the "dividing line" and

the river), reverse the calls, follow the river to its intersection with the most eastern of the boundaries of the larger tract, and from that point construct (with the aid of science) a line to whatever point in the "dividing line" is appropriate to the inclosure of "ten acres, and no more"—this upon the authority of Mansel v. Castles, 93 Tex. 414, 55 S. W. 559, and other like cases. But the argument rests upon a postulate that the deed manifests·an intent to have the "ten-acre tract" extend completely across the northern portion of the larger tract; that is to say, the point of intersection between the river and Sallie's most eastern boundary is called for in the deed. We do not find that data in the instrument. The relevant call is merely for "the west bank of the Trinity river" with distance along the river undefined and with no reference to the eastern boundary of the larger tract or its intersection with the river. The data which enabled construction of the missing line, after reversal of calls, in Mansel v. Castles, supra, were a given "beginning" point and given courses and distances for two of the boundaries and distance (with reversible course) for a third.

[3] Extrinsic evidence becomes important only when there be left, after rejection of falsa, enough to permit location on some particular tract. Arambula v. 'Sullivan, supra.

We believe the Court of Civil Appeals gave right disposition to the case and, accordingly, recommend affirmance of its judgment.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals affirmed.