WILLIAM SMITH v. F. S. GRIFFIN ET AL.

No. 7055. Decided May 25, 1938.
(116 S. W., 2d Series, 1064.)

*M. E. Cain, D. E. O'Fiel* and *D. C. Bland,* all of Beaumont, for plaintiff in error.

By reason of plaintiff going into possession of the land, making permanent and valuable improvements, and paying the consideration, a parol contract of purchase of land was complete. Garner v. Stubblefield, 5 Texas 552; Jackson v. Piper, 28 S. W. (2d) 240.

*Llewellyn & Dougherty,* of Liberty, for defendants in error.

The evidence showing that plaintiffs paid no consideration until after defendants had acquired the land from plaintiff's grantor under the parol contract to sell, and that they failed to prove with definiteness and certainty what land was included in the parol sale, plaintiffs had no valid and subsisting title to the

land and it was not error for the court to dismiss plaintiffs' suit. Hooks v. Bridgewater, 111 Texas 122, 229 S. W. 1114; Walker v. Hamilton, 42 S. W. (2d) 148.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Plaintiff in error sued defendants in error for the title and possession of two acres of land in Liberty County, specially pleading his title as originating in a parol sale to him, followed by his possession and the making of valuable improvements, with subsequent payment by him of the purchase price and execution to him of conveyance of the land. At the end of trial before a jury the district court withdrew the case from the jury and made the following finding:

"The court finds from the undisputed evidence that the plaintiff is not entitled to prosecute this cause in trespass to try title, said cause being premature in this: that the defendants, F. S. Griffin and H. Layl, under the undisputed evidence in this cause, have and hold a good, valid and subsisting lease covering the land and premises in controversy emanating from S. S. Wickliff and his wife, Epheme Wickliff, the agreed common source of title of plaintiff and defendants, prior to the acquisition by the plaintiff of title to the reversion after the termination of the leasehold estate existing in and owned by the defendants, and that the defendants are, therefore, entitled to the possession of said land and premises, and the plaintiff, consequently, shows no right of possession in himself."

Pursuant to this finding the court rendered judgment dismissing the suit without prejudice to the rights of the plaintiff in the land upon the termination of the leasehold estate owned and held by the defendants. The trial court's judgment was affirmed by the Court of Civil Appeals. 89 S. W. (2d) 1082.

S. S. Wickliff and wife, the owners of a tract of land containing 96 acres of the James Martin survey in Liberty County, leased the said tract of land on February 20, 1930, to E. B. Pickett, trustee, for a term of ten years, with privilege of renewal for another ten years, the land to be used as a golf course and for other athletic and recreational purposes. On December 30, 1933, with the written consent of the lessors, the lease was assigned to defendants in error Griffin and Layl in so far as it covered a tract of five acres out of the northwest part of the 96 acre tract, the five acres being described as beginning at the northwest corner of the larger tract, thence south with the

west line of the said tract 555 feet, thence east 420 feet, thence north 483 feet to the south line of State Highway No. 3, thence west with the line of the highway 426 feet to the beginning. The right of possession asserted by defendants in error is under the above described lease and assignment.

The land for which plaintiff in error sues, if it can be identified, is in conflict at least in part with the above described five acre tract, for it is described in the petition as beginning at the northeast corner of a ten acre tract in the James Martin survey known as the A. B. C. Park (which northeast corner is shown by the undisputed evidence to coincide with the northwest corner of the 96 acre tract) "thence S. along the E. line of the said A. B. C. Park, thence E. and N. to the S. boundary line of the Liberty-Beaumont concrete road and thence to the place of beginning, so as to include two acres of land in rectangular form." Plaintiff in error offered in evidence a deed from S. S. Wickliff and wife, executed April 14, 1934, conveying to him two acres of land in the James Martin survey, describing it in substantially the same language as that used in plaintiff in error's petition. Defendants in error's ownership of the valid and subsisting leasehold estate granted more than four years before the execution of the deed from Wickliff and wife to plaintiff in error is sufficient to defeat recovery by plaintiff in error unless he has some other right in the land than that acquired by the deed. State of Texas v. Dayton Lumber Co., 106 Texas 41, 44, 155 S. W. 1178; Hansen v. Bacher, (Com. App.) 299 S. W. 225.

Plaintiff in error relies upon a parol agreement made with Wickliff in 1928 for the purchase of two acres, followed by possession and the construction of valuable improvements before the execution by Wickliff of the lease under which defendants in error claim. He contends that such parol purchase, possession and construction of improvements gave him a right or title in the land superior to that of defendants in error under the lease executed in 1930, although he did not pay the purchase money until April 14, 1934, when the deed was executed and delivered to him. The arguments made in support of the position thus taken are that Smith's possession when the lease and assignment were executed gave notice of his right under the parol agreement, and that when the purchase money was paid and the deed was delivered, his title related back to the date of the oral agreement and thus made his right prior and superior to the rights of defendants in error. The Court of Civil Appeals overruled the assignment presenting this contention.

1 It is unnecessary to express an opinion as to the correctness of the ruling made by the Court of Civil Appeals on the ques-

tion of priority, for we find from an examination of the record that the petition does not contain a definite description of the land for which plaintiff in error sues and that the evidence fails to identify with certainty the land that was the subject of the parol agreement.

The petition, after describing the land generally as a certain two acres, part of the James Martin tract in Liberty County, Texas, sets out the following metes and bounds:

"BEGINNING at the N. E. corner of a ten (10) acre tract of land in said survey known as the A. B. C. Park, which N. E. corner aforesaid is in the S. Boundary line of the Liberty-Beaumont concrete highway; thence S. along the E. line of the said A. B. C. Park; thence E. and thence N. to the S. boundary line of the Liberty-Beaumont concrete road; and thence to the place of beginning, so as to include two (2) acres of land in rectangular form."

The land as thus described has a definitely defined beginning corner, but it is to be observed that the length of no line is given and that the tract is to have a rectangular form. It is apparent that an infinite number of rectangular tracts containing two acres could be constructed with their beginning corners at the northeast corner of the ten acre tract and their west lines along the east line of that tract. A judgment in favor of plaintiff in error describing the land in accordance with that given in the petition could not be sustained, as it is essential that a judgment for land describe it so that it can be identified with certainty. Revised Civil Statutes of 1925, Articles 7366, 7388; Devine v. Keller, 73 Texas 364, 11 S. W. 379; Giddings v. Fischer, 97 Texas 184, 77 S. W. 209.

The same fatal indefiniteness occurs in the proof of the parol agreement relied upon by plaintiff in error. In his testimony with respect to the oral contract whereby Wickliff agreed to sell him two acres of land out of the 96 acre tract, plaintiff in error gave a no more definite description of the land than that contained in the petition. His attention was directed to the two acres as described in the petition and in most of his answers he referred to that tract or to that two acres or to the two acres adjoining the ten acres known as the A. B. C. Park. In detailing his conversation with Wickliff in which the agreement for the sale was made, he testified that he told Wickliff he wanted to buy the two acres of land adjoining the A. B. C. Park on the east and that these two acres were the same land as that described in the deed executed by Wickliff some four years later. The description contained in the deed is substantially the same as that set out in the petition. The deed describes

no certain two acres and does not furnish, in itself or by reference to any other writing, the means or data by which the particular land can be identified.

Wickliff's testimony adds nothing to the imperfect description of the two acres given by plaintiff in error, and the evidence offered that plaintiff in error built a number of tourist cabins and a small house in which he lived, with other improvements, on the two acres, affords no means of identifying the particular land which was the subject matter of the parol agreement, for nowhere is there a description of the extent or boundaries of the land used or possessed in connection with the improvements. All of the questions and answers as to the two acres of land claimed and possessed by plaintiff in error apparently have reference to the two acres as described in the petition or in the deed executed by Wickliff.

The record contains a sketch made by a surveyor under the direction of counsel for plaintiff in error which constructs the two acre tract in such way as to give its west line the same length as that of the east line of the ten acre tract, but there is no evidence tending to prove that Wickliff agreed to sell plaintiff in error a two acre tract so constructed or described.

2, 3 To comply with the statute of frauds the written memorandum must contain the essential terms of a contract expressed with certainty, and no part of such contract is more essential than the description by which the subject matter thereof is to be identified. Osborne v. Moore, 112 Texas 361, 247 S. W. 498. It follows that a written contract for the sale of real estate is inoperative and void if it does not describe the land in such way as to identify it with reasonable certainty. Smith v. Sorelle, 126 Texas 353, 87 S. W. (2d) 703; Francis v. Thomas, 129 Texas 579, 106 S. W. (2d) 257; Cammack v. Prather, 74 S. W. 354. The rule as to oral contracts, when enforcement is sought upon the ground of part performance, is even stricter. Their essential terms must be clear and free from doubt and must be established by full and satisfactory evidence. Francis v. Thomas, supra; Snover v. Jones, 172 S. W. 1122.

Since the petition does not give a definite description of the land sued for and the evidence fails to identify with certainty the subject matter of the parol agreement, it is unnecessary to discuss other grounds upon which the judgment of the district court might be affirmed

The trial court did not err in sustaining special exception to that part of plaintiff in error's petition which sought exemplary damages on account of alleged malice of defendants in error in attempting to obtain possession of the land in controversy. A

definite description of the land would be essential also in alleging such cause of action.

The judgments of the Court of Civil Appeals and the district court are affirmed.

Opinion adopted by the Supreme Court May 25, 1938.