**STOVALL et al. v. FINNEY.**

No. 5305.

Court of Civil Appeals of Texas. Amarillo.

May 26, 1941.

Rehearing Denied June 23, 1941.

P. B. Randolph, of Plainview, for appellants.

Ernest Tibbets and Griffin & Morehead, all of Plainview, for appellee.

STOKES, Justice.

This is a suit in trespass to try title instituted by appellee, J. A. Finney, against appellants, Robert C. Stovall and wife, in which appellee sought to recover the title and possession of 215 acres of land located in Hale and Lamb Counties. Appellants answered by general denial, plea of not guilty, and specially pleaded their right of possession of the land under the terms of a written contract with which they alleged they had fully complied and under which they contended they were entitled to such possession for a period of five years from the 1st day of January, 1939. They also set up a cross-action against appellee for damages which they alleged had accrued to them by the unlawful acts of appellee in dispossessing them of the land under a writ of sequestration.

A jury was impaneled to try the case, but at the conclusion of the testimony the court gave to the jury a peremptory instruction to return a verdict in favor of appellee and upon the return of such verdict by the jury, judgment was entered in favor of appellee, the plaintiff in the case, and denying appellants recovery upon their cross-action. Appellants duly excepted to the judgment, gave notice of appeal, and have brought the case to this court for review.

The peremptory instruction was based upon the conclusion of the trial judge that the rental or lease contract under which appellants contended they were in lawful possession of the land was void under the statute of frauds. Upon this ground the court sustained the objection of appellee to its introduction in evidence and the contract being the basis of appellants' claim to the land, if the court was correct in this ruling, no basis remained for a judgment in their favor. Appellants' contentions here are based principally upon the action of the court in refusing to permit them to introduce the contract in evidence. They assert that the evidence showed they had entered upon a specifically designated tract of land; had performed all of their agreements under the contract; had paid all rentals due under its terms; that they had obligated themselves for money borrowed to pay appellee for livestock and personal property which he required that they purchase from him as part of the consideration for the contract, and that, under these circumstances, it would amount to the perpetration of a fraud upon them to permit appellee to plead and take advantage of the provisions of the statute of frauds, § 4, Art. 3995, R.C.S.1925.

It was stipulated that appellee was the common source of title and the controlling question, in so far as these contentions of appellants are concerned, is whether or not the contract was admissible in evidence as a muniment of appellants' title under the statute of frauds. The contract was written on a form provided by the United States Department of Agriculture and used by the Farm Security Administration. It was dated December 10, 1938, and it purports to run for a term of five years from January 1, 1939. It provides that it shall remain in force from year to year unless written notice of termination is given by either party to the other on or before the 15th of October before expiration of the lease or of any renewal thereof. Obviously, this provision is unintelligible because it is impossible to say, from the language used, whether or not the contract shall remain in force from year to year after the five-year period has expired, or whether the written notice and termination may be given by either party on or before October 15th of any year during the five years of its rental term. However that may be, the contract was not admissible in evidence under the provisions of the statute above mentioned because the description of the land purported to be leased for a period of five years is wholly inadequate. The land is described as being "located in Hale County, State of Texas; parts of Sections 15 & 16, Block O-2, and consisting of 215 acres, more or less, together with all buildings and improvements thereon and all rights thereto appertaining." The rule has been established and consistently adhered to by all the courts in Texas throughout its entire judicial history that, with certain exceptions not here involved, a transaction affecting real property must be evidenced by a writing which contains a description of the land sufficiently definite that its identification may be established with reasonable certainty without resort to oral testimony. When the contract is for the conveyance of land, the

writing must furnish in itself or by reference to some other writing, the means or data from which the land to be conveyed can be identified, and if it fails in these respects it is void under the provisions of Art. 3995, § 4, R.C.S.,1925, commonly known as our statute of frauds. Paschal v. Hart et al., Tex.Civ.App., 105 S.W.2d 337; White et al. v. Glenn, Tex.Civ.App., 138 S.W.2d 914; Smith v. Griffin et al., 131 Tex. 509, 116 S.W.2d 1064; Francis v. Thomas et al., 129 Tex. 579, 106 S.W.2d 257; McMurrey v. Standley, Tex.Civ.App., 297 S.W. 557; Id., Tex.Com.App., 1 S.W.2d 592; Hill v. Hunter, Tex.Civ.App., 157 S.W. 247.

The contention of appellants that the court erred in excluding the contract from evidence because it was shown that they entered upon a specifically designated tract is not borne out by the record. Nowhere in the statement of facts do we find any specific description of the land in controversy and, assuming that proof of entry upon a specifically designated tract would, under some circumstances, cure a defect in the description of the land contained in such a contract, which, in view of its indefiniteness, we do not concede in this case, that rule would not avail appellants in this case because it was not shown what tract of land was appropriated by them under the contract.

Appellants contend in this connection that, to permit appellee to avail himself of the provisions of the statute of frauds, would amount to the perpetration of a fraud upon appellants because they borrowed $1,175 and obligated themselves in a loan therefor in order to obtain money with which to pay appellee for certain livestock and personal property which they were required by him to purchase before he would enter into the contract of rental with them. It is held in many cases that, in order to relieve a parol contract for the sale of land from the operation of the statute of frauds, three things are necessary, viz., payment of the consideration; possession by the vendee, and the making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor. It is also held that if such improvements are not made, then it must be shown that the transaction would amount to a fraud upon the purchaser if it were not enforced. The requirement of appellee that appellants purchase livestock and their allegation that they did purchase it and obligated themselves for money

with which to pay for it, amounts to nothing more than an allegation of the payment in that manner of a portion of the consideration for the lease of the land, and the rule is well established that payment of the consideration, though it be payment in full, is not sufficient of itself to remove the contract from the provisions of the statute of frauds. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 1117, 15 A.L.R. 216. In that case, Mr. Chief Justice Phillips, speaking for the Supreme Court, said:

"There is no fraud in refusing to enforce the contract where only the consideration is paid. The value of the consideration may in a law action be recovered. Nor where only possession of the premises is given. In such case there is no performance by the purchaser of any obligation. Nor even where there is both payment of the consideration and possession; without valuable and permanent improvements made on the faith of contract, or their equivalent. Merely the transfer of the possession by the vendor could create no estoppel against him. A transfer of the possession of the soil affords no presumption of a sale of the fee."

It is hardly necessary, we think, to comment further upon the question of whether the contract was admissible in evidence. The description of the land given in it is of 215 acres of land, more or less, parts of Sections 15 and 16, Block O–2, located in Hale County, State of Texas. There is nothing in this description nor in any portion of the contract which furnishes any means or data by which the 215 acres could possibly be located, nor is there any reference to any other writing by which it could be identified and there is no basis for the contention of appellants that it was admissible under the theory that, to permit appellee to invoke the statute would amount to the perpetration of a fraud upon appellants. The contract was not admissible under any theory of the case. Without the contract appellants had no case and the court did not err in giving to the jury a peremptory instruction in so far as appellants' contentions in respect to the contract are concerned.

Appellants contend that the court erred in rendering judgment for appellee because the description of the land for which he sued, as given in his petition, was wholly inadequate as a basis for any judgment in his favor. The record does not show any action by the court upon any ex-

ception of appellants with reference to this contention, but, if appellants are correct in this respect, the petition stated no cause of action; the error is fundamental, and may be raised on appeal. Dingman v. Pahl, Tex.Civ.App., 226 S.W. 446; City of San Antonio v. Bodeman, Tex.Civ.App., 163 S.W. 1043; Huber v. Smith, Tex.Civ.App., 228 S.W. 339. A judgment in favor of the plaintiff in a suit for land must be based upon proper allegations and a sufficient description of the land must be contained in the petition. In his second amended original petition upon which the case was tried, appellee described the land sued for as "located and situated in Hale and Lamb Counties, to-wit: 215 acres of land out of and a part of sections numbers 15 and 16 in Blk. O–2, being approximately 110 acres of land out of the E.½ of said section numbered 15, and approximately 105 acres of land out of the W-½ of Sec. 16, Blk. O–2, aforesaid; the E.½ of said Section No. 15, being in Hale County, Texas, and the greater portion of said Section No. 16, being in Lamb County, Texas, together with all improvements thereon."

The only definite feature of the entire description is that the land is located somewhere in the east half of Section No. 15 and the west half of Section No. 16, Block O–2. This description is obviously so indefinite as to make it impossible to locate any portion of the land sued for. Appellee contends that, even if the description as given in the petition is not sufficient, the deficiency is supplied by the further allegation that the plaintiff was lawfully seized and possessed of the land on January 1, 1940, and that the appellants were in possession of it on January 5, 1940, when the suit was filed. He asserts that both of these facts may be made certain by extrinsic proof as to the actual location of the land and that he introduced in evidence a plat which appellee drew while testifying as a witness, all of which taken together, he says, makes certain the land sued for by him. There is a small plat contained in the statement of facts. It is shown on the last page, No. 242, and follows the agreement of counsel and certificates of the district judge and court reporter on Page 241. This would indicate that it is not a part of the statement of facts, since the agreement and certificates refer to the "foregoing 241 pages." Nowhere is it shown the plat was introduced in evidence but, assuming that it was, it adds nothing to the indefinite allegations of the petition. It is a mere pen-

ciled sketch, designated as plaintiff's exhibit No. C, with figures in various locations which may, or may not, indicate the sections as being Nos. 15 and 16. Certain blocks or divisions are marked off but none of them is designated except one which indicates that it is the south fifty acres of some tract. The testimony of appellee adds nothing to the indefiniteness of the allegations and is wholly insufficient to describe any tract shown on the plat. At various times during his testimony he referred to certain tracts on the plat as being "this portion over here" and "this is the field there he had in cultivation." There is no indication in the testimony as to which tracts he referred to by such statements as "this tract here" or "that field up there." At no place in the pleadings or evidence is the 215 acres sued for by appellants described or designated so that it could possibly be located upon the ground.

The judgment entered by the court is equally as deficient in this respect. It describes the land as "being 215 acres of land out of and a part of Sections Nos. 15 and 16, in Block O–2, Hale and Lamb Counties, Texas, and being 110 acres out of the east one-half of Section No. 15, Block O–2, Hale and Lamb Counties, Texas, and 105 acres of land out of the West one-half of Section No. 16, Block O–2, Hale County, Texas, and being the land occupied by defendants at the time this suit was filed, and being the same land occupied by defendants as plaintiff's tenants, during the year 1939, together with all improvements thereon."

■ A judgment in favor of the plaintiff in a suit for land must describe the land so that it can be identified with certainty from the judgment. Its location and selection must not be left to the discretion or arbitrary determination of the sheriff when he is called upon to enforce the judgment, a result which necessarily follows if he is not given the specific information by the judgment itself. Jones v. Andrews, 72 Tex. 5, 9 S.W. 170; Devine v. Keller, 73 Tex. 364, 11 S.W. 379; Giddings v. Fischer, 79 Tex. 184, 77 S.W. 209; Houston Oil Co. v. Holland, Tex.Com.App., 222 S.W. 546; Hudson v. Norwood, Tex.Civ.App., 147 S.W.2d 826; Smith v. Griffin, 131 Tex. 509, 116 S.W.2d 1064.

■ Appellee's petition was fatally defective because of uncertainty in the description of the land sought to be recovered and the same vice was also fatal to the judgment entered by the court. These con-

stitute errors apparent on the face of the record and are fundamental. Clement v. First Nat'l Bank of Paris, 115 Tex. 342, 282 S.W. 558; Stewart v. Collatt, Tex.Civ. App., 111 S.W.2d 1131.

The judgment of the court below will be reversed and the cause remanded.