**D. W. McDONALD, Appellant,**

**v.**

**W. J. ALEXANDER, Appellee.**

**No. 4308.**

Court of Civil Appeals of Texas.

Waco.

March 4, 1965.

Byron L. McClellan and Robert F. Salter, Gatesville, for appellant.

Andrew Campbell, John F. O'Neal, Hamilton, for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment of the Trial Court, fixing the boundary between property belonging to plaintiff, and property belonging to defendant.

Plaintiff McDonald instituted this suit in trespass to try title against defendant Alex-

ander, for 2 described tracts of land lying north of the Leon River, in Coryell County, Texas; and in his prayer asked that his disputed north boundary line be determined in accordance with the allegations in his petition.

Defendant answered by a plea of not guilty; that he was owner of a portion of the land described by plaintiff; and that the south line of the William Hensley Survey was the north line of plaintiff's property, and the south line of defendant's property. Defendant plead a description of the boundary as contended by him in the south line of the Hensley Survey, by metes and bounds, and prayed that plaintiff take nothing by his suit, and that the Court declare the boundary line between plaintiff's and defendant's property to be as described by defendant.

The Trial Court after hearing without a jury, entered judgment that plaintiff take nothing by his suit against defendant; and fixed plaintiff's north boundary in the south line of the Hensley Survey as described by defendants. The Trial Court further fixed the east and west boundaries of plaintiff's land lying north of the Leon River, based on the north line as found.

Plaintiff appeals, contending:

1) The judgment of the Trial Court is against the overwhelming weight and preponderance of the evidence.

2) There was no evidence to support that part of the judgment which sets out the true east boundary, "to the center of the Leon River."

3) The judgment of the Trial Court does not set out by metes and bounds any boundary between plaintiff and defendant which is sufficient in law.

4) The judgment of the Trial Court is self-contradictory.

We revert to plaintiff's 1st contention. The record reflects that plaintiff owned 280 acres in the McFarland Survey, a small portion of which is located north of the Leon River; and that defendant owns several hundred acres in the Hensley Survey. The only land in dispute is within that portion lying north of the Leon River. The Hensley Survey is located directly north of the McFarland Survey, and is the senior survey. While plaintiff plead for a small strip of land in the Hensley by limitation, he failed in his proof as to limitation, and makes no complaint on this point in his motion for new trial. All of the evidence is to the effect that the land plaintiff claims record title to under his deed lies in the McFarland Survey; that defendant's land lies in the Hensley Survey; and that the true boundary between the Hensley and the McFarland Surveys is plaintiff's and defendant's true boundary.

The plaintiff failed to prove either common source of title, or his title from the sovereignty of the soil, to the tracts he described. The defendant alleged that plaintiff owned all land south of the line defendant alleged to be the true boundary line between defendant's and plaintiff's tracts; and both plaintiff and defendant sought in their prayer a declaration of the true boundary line between their respective tracts. As noted, the only real issue presented was the true location of the south line of the Hensley Survey. Further, there was no controversy or dispute as to the course or bearings of the east and west boundary lines of plaintiff's property north of the Leon River. Three surveyors, McDonald, Koos, and Durham attempted to place the boundary between plaintiff and defendant. McDonald and Koos placed it as contended by plaintiff; Durham (whose qualifications were stipulated, and whose method was recognized by Koos as accepted surveying practice), placed the line as found by the Trial Court. Durham placed the boundary in the south line of the Hensley (as found by a prior surveyor in 1946), and further testified positively that his independent professional and expert opinion placed such line as found by the Trial Court.

The judgment of the Trial Court is sustained by ample and sufficient evidence.

■ Plaintiff's 2nd point complains of the judgment describing the true east boundary of plaintiff's tract "to the center of the Leon River." Plaintiff contends that his deed does not call for the center of the river, and that the boundary line should stop at the north bank of the river. Calls to a stream or river are accepted as calls to the center of the stream or river. Risien v. Brown, 73 Tex. 135, 10 S.W. 661; Strayhorn v. Jones, 157 Tex. 136, 300 S.W.2d 623, 634. The point presents no error.

. ■ Plaintiff's 3rd contention complains that the judgment of the Trial Court does not set out by metes and bounds any boundary line sufficient in law. The test is whether such lines are ascertainable by an officer charged with finding the lines with the assistance of a competent surveyor. Smith v. Griffin, 131 Tex. 509, 116 S.W.2d 1064. Surveyor Durham has located the line as plead by defendant. The judgment set out the line as plead by defendant. The point is overruled.

■ Finally, plaintiff contends the Trial Court's judgment is self-contradictory in that it sets out that plaintiff take nothing, and then proceeds to set the boundary giving plaintiff a portion of that which he claimed. Defendant plead the boundary as found by the Trial Court, thereby taking out of controversy all land plaintiff claimed south of such pleaded boundary. Plaintiff proved no title to the lands claimed by him either from common source with defendant, or from the sovereignty of the soil. The judgment of take nothing goes only to the lands in controversy north of the line pleaded by defendant as the true boundary. The point presents no error.

All of plaintiff's contentions are overruled.

Affirmed.