

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00006-CV
_____

BILLIE DARDEN MILLER, ARDENNA M. CADDELL, AND
OTHER HEIRS OF J. A. MUMPHREY, Appellants

V.

JOHN KENNA AND BARBARA ANN KENNA, Appellees

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 2006-2849-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

On May 7, 2004, as part of a Gregg County tax foreclosure sale, Barbara Ann Kenna paid $74,000.00 for, and received a conveyance to her by sheriff's tax deed of, what was described as a 52.5 acre tract of land[1] in Gregg County. The Kenna tract lies just on the Gregg County side of the boundary line between Gregg and Smith Counties. Claiming that a 13.5 acre piece of the Kenna tract might be theirs, Billie Darden Miller, Ardenna M. Caddell, and "other heirs of J. A. Mumphrey" filed, on December 7, 2006, a trespass to try title suit against Barbara and her husband, John, in the District Court of Gregg County. The Kennas filed a motion for summary judgment asserting that Plaintiffs had no evidence that the 13.5 acre tract was contained within the Kenna tract and that the statute of limitations for attacking a tax deed barred Plaintiffs' claims.[2] Without specifying the grounds, the trial court granted summary judgment to the Kennas. Appeal was filed by Plaintiffs Ardenna M. Caddell, Billie Mumphrey, and Melba D. Johnson, and others who were not named

---

[1] Although the deed recites the purchase of a 52.5 acre piece of property, a survey clarifies that the Kenna tract actually contains 51.844 acres. We will call that property the Kenna tract.

[2] In the factual recitation of their summary judgment motion, the Kennas also mentioned that Plaintiffs failed to describe the claimed 13.5 acre tract with sufficient certainty to identify it. There is no argument beyond that basic assertion, and no authorities cited for the point. Such an assertion is inadequately briefed. See TEX. R. APP. P. 38.1(h). In a trespass to try title suit, where plaintiff's petition and the resulting judgment fail to adequately describe the real property involved, the lack of description was fundamental error and error on the face of the record which could be raised on appeal. See Stovall v. Finney, 152 S.W.2d 887, 890–91 (Tex. App.—Amarillo 1941, no writ). Because Plaintiffs did not attack on appeal all grounds for the trial court's grant of summary judgment or provide evidence to show that they paid taxes on the Kenna tract, and because each of those failures is dispositive of this appeal, we need not address this point.

anywhere in the record below.[3] All appellants herein are called Plaintiffs. We affirm the judgment of the trial court because (1) the Plaintiffs do not address all possible grounds for the summary judgment, (2) no evidence shows that any Plaintiff paid any taxes on any part of the Kenna tract, and (3) Plaintiffs did not preserve any trial court error awarding title to the Kennas.

*(1)     The Plaintiffs Do Not Address All Possible Grounds for the Summary Judgment*

We review de novo a trial court's summary judgment. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The Kennas' motion for summary judgment must be granted if there was no evidence of one or more specified elements of Plaintiffs' claims. *See LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). In deciding whether the summary judgment record establishes the absence of a genuine issue of material fact, we view all evidence, indulge every reasonable inference, and resolve all doubts, in appellant's favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005); *Nixon*, 690 S.W.2d at 548–49. When there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was granted, an appellant must negate all grounds on appeal. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993).

Plaintiffs claim that the Kennas' sole basis for summary judgment was limitations. To the contrary, the Kennas sought summary judgment based on two title-related grounds: that limitations

_____

[3]Mildred Ramsey, Steven Mauldin, Quentin Mumphrey, Jr., and Sathedia Bush also joined in the appeal although they were not represented or otherwise mentioned in the record below. Attorney for other Plaintiffs, Billie Darden Miller and Dorothy Darden, who joined in the same petition with Appellants, consented to the trial court's entry of summary judgment.

3

barred the Plaintiffs' attack on the tax sale[4] and that there is no evidence that the 13.5 acres claimed by Plaintiffs make up any part of the Kenna tract. Of the two title-related grounds for summary judgment, the Plaintiffs attacked only limitations. Therefore, for that reason alone, the summary judgment must be affirmed. *See id.*

*(2)     No Evidence Shows That Any Plaintiff Paid Any Taxes on Any Part of the Kenna Tract*

Even if Plaintiffs' limitations argument were considered, it fails on its own merits.

Plaintiffs assert that limitations does not bar their attack on the tax deed to Barbara, because they paid taxes on the property. It is true that the one- or two-year limitations bars of Section 33.54(a) of the Texas Tax Code would not apply against one who was not served with tax suit notices and yet paid taxes on the property in the interim. *See* TEX. TAX CODE ANN. § 33.54(b). And, though Plaintiffs were not joined in the tax suit which resulted in the tax deed to Barbara, and though it further appears that some Plaintiffs paid some taxes on the claimed 13.5 acre tract during a key time period, there is no evidence that such tract made up any part of the Kenna tract.

The only description of the claimed 13.5 acre tract in evidence comes from Gregg County tax records. Those records identify that property as tax tract R22610 and describe the subject tract as "AB139 J. MANSFORD SUR TR 1 TIMBER USE 12.50 ACRES."

---

[4]An action attacking a tax sale must be commenced before the first anniversary of the filing of the tax deed for record or, if the property was homestead or under certain other conditions, before the second anniversary of the deed's execution. *See* TEX. TAX CODE ANN. § 33.54(a) (Vernon 2008). Neither deadline was met here. The only limitations question is whether the limitations exception contained in Section 33.54(b) of the Texas Tax Code applied. *See* TEX. TAX CODE ANN. §33.54(b) (Vernon 2008).

On the other hand, the Kenna tract is listed in the Gregg County tax records as tax tract R22611, not R22610. That fact alone suggests that the two tracts are just that, two separate tracts, not one contained within the other. Also, to support their motion for summary judgment, the Kennas filed deposition testimony of Thomas Hayes, the Gregg County Appraisal District Chief Appraiser, who stated in that testimony that the Plaintiffs' tax tract number R22610 was created in error and does not exist. Although the R22610 number is referenced, there is no evidence that a tax-tract map even exists. Finally, in response to requests for admissions, Plaintiffs answered that they "believe the 13.5 acres [sic] tract is a separate tract but are unable to judicially admit to same. [Plaintiffs] admit that the 13.5 acre tract is shown as a separate tract on the records of the Gregg County Appraisal District."

In sum, Plaintiffs produce no evidence that would show that the Kenna tract contained any land claimed by Plaintiffs. Therefore, there was no proof that any Plaintiff paid any taxes on any part of the Kenna tract, which was the subject of the tax deed being attacked. Thus, Plaintiffs did not show themselves to be exempt from the bar of limitations in making that attack.

*(3)    Plaintiffs Did Not Preserve Any Trial Court Error Awarding Title to the Kennas*

Plaintiffs also claim error in the judgment's award of title to the Kennas. It appears, however, that Plaintiffs did not make that claim to the trial court, instead raising it for the first time on appeal. Therefore, no error has been preserved for appellate review. *See* TEX. R. APP. P. 33.1(a).

5

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:     September 10, 2008
Date Decided:       October 2, 2008